# HUMBOLDT SAVINGS AND LOAN SOCIETY, RESPONDENT *v.* GEORGIA C. BURNHAM ET AL., APPELLANTS.

FORECLOSURE OF MORTGAGE—ESTATES OF DECEASED PERSONS—PRESENTATION OF CLAIM—PLEADING — GENERAL DEMURRER.—In an action to foreclose a mortgage against the estate of a deceased person, an averment that the plaintiff did, within the proper time, present to the executrix its claim against the estate for the amount due and to become due upon the note and mortgage, and that the claim was duly verified in all respects according to law, and was duly allowed and approved by the executrix and judge, and was duly filed, etc., is a sufficient averment of the ultimate fact of presentation of the claim, as against a general demurrer, though the claim is not set out, nor attached to the complaint; and the objection that the complaint does not allege in terms that the claim contained a description of the mortgage, with a reference to the date, volume, or page of the record, or that it was accompanied with a copy thereof, cannot be urged upon general demurrer; but the allegation is sufficient to authorize proof as to whether the claim as presented was sufficient in form or properly presented.

ID.—IDENTIFICATION OF NOTE—SIGNATURE BY INITIALS—AMBIGUITY AND UNCERTAINTY.—A complaint alleging that the defendants, named by their full names, "made, signed, and delivered to plaintiff, the payee therein named, their certain promissory note, which said note is in words and figures following, to wit," setting out the note *in hæc verba,* sufficiently identifies the defendants as being the parties who signed the note, though the signature contains the initials only of the first names of the defendants; and the complaint is not demurrable for ambiguity and uncertainty as to the parties executing the note, upon the ground that the signatures might apply to entirely different persons.

ID.—EXPENDITURES FOR TAXES AND INSURANCE—PRESENTATION OF CLAIM. In an action to foreclose a mortgage, it is proper to allow items of expenditures for taxes and insurance on the mortgaged property, paid out by the mortgagor under authority given in the mortgage, and when such payments were made for the protection of the property subsequent to the presentation of the mortgage claim to the executor of the deceased mortgagor, they are properly allowed on foreclosure without demand or presentation of a claim therefor.

APPEAL from a judgment of the Superior Court of Santa Cruz County. J. H. LOGAN, Judge.

The facts are stated in the opinion of the court.

*J. D. Boyer*, for Appellants.

The law must presume that Joel S. Josselyn and George C. Josselyn are entirely different persons from J.

S. Josselyn and G. C. Josselyn. They are not *idem sonans.* (*Henderson* v. *Cargill*, 31 Miss. 416; *Schoonover* v. *Gott*, 20 Ill. 46; 71 Am. Dec. 247.) When one sues another by his true name and seeks to recover on an instrument executed by a different name, he must aver and prove that they were the same persons. (16 Am. & Eng. Ency. of Law, 131, 132.) In this case the plaintiff seeks to sell the property of the estate of a deceased person, and before he becomes entitled to attorney's fees he must comply with section 1497 of the Code of Civil Procedure. Such performance becomes a condition precedent and must be pleaded. (*Dye* v. *Dye*, 11 Cal. 163; *Himmelmann* v. *Danos*, 35 Cal. 447, 448: *Rhoda* v. *Alameda County*, 52 Cal. 352.) No copy of the mortgage or notice, of where it was recorded, accompanied the claim presented to the executor, as required by section 1497 of the Code of Civil Procedure. (*People* v. *Jackson*, 24 Cal. 632; *Bank of Sonoma County* v. *Charles*, 86 Cal. 327.) When the liability of the defendants, as the liability of the defendants in this case for money expended for searching records, insurance, and taxes, is contingent and uncertain, and nothing appears in the record to show that the defendants knew that plaintiff had expended any money and thereby created a liability, a demand must precede the suit. (5 Am. & Eng. Ency. of Law, 528; *Watson* v. *Walker*, 23 N. H. 471; *Van Loo* v. *Van Aken*, 104 Cal. 269.)

*A. H. Loughborough*, for Respondent.

The complaint states facts sufficient to constitute a cause of action, and the demurrer on that ground was properly overruled. (*German Savings etc. Soc.* v. *Hutchinson*, 68 Cal. 52; *Moran* v. *Gardemeyer*, 82 Cal. 96.) The moneys expended for the abstract, insurance and taxes were incidental to the mortgage, and the plaintiff was entitled to recover the same in the judgment of foreclosure. The allegations of the complaint in this behalf are not ambiguous, unintelligible, and uncertain. (*Greenebaum* v. *Taylor*, 102 Cal. 624; *Spargur* v. *Heard*, 90 Cal. 221; *Wilhoit* v. *Cunningham*, 87 Cal. 453.)

VAN FLEET, J.—Action to foreclose a mortgage. Defendants, other than Georgia C. Burnham and James D. Boyer, made default; the two latter demurred to the complaint, their demurrer was overruled, and, upon failure to answer, judgment was entered against all the defendants foreclosing the mortgage. From the judgment the two named defendants appeal upon the judgment-roll, the only questions made being as to the sufficiency of the complaint.

1. The contention that the complaint does not state a cause of action, for want of a sufficient averment of presentation of the mortgage claim to the estate of Joel S. Josselyn, deceased, is ill-founded. The particular objection is that the complaint does not allege in terms, either that the claim contained a description of the mortgage, with a reference to the date, volume, and page of its record, or that it was accompanied with a copy thereof. The averment was that the plaintiff did, within the proper time, " present to said executrix its claim against the estate of Joel S. Josselyn, deceased, for the amount due and to become due on the said note and mortgage, and that the said claim was duly verified in all respects according to law, and was duly allowed and approved by said executrix and by the judge of said court, and that the same was duly filed on the twentieth day of March, 1890, in the office of the clerk of said court in the matter of the estate of said deceased." The claim was not set out or attached to the complaint. We deem this a sufficient averment of the ultimate fact of presentation as against a general demurrer—and the demurrer here was no less a general one because it undertook to specify the particulars wherein the complaint failed to state a cause of action. Whether the claim as presented was sufficient in form or properly presented was a matter of evidence, of which the general allegation made was sufficient to authorize proof.

In *Bank of Sonoma County* v. *Charles*, 86 Cal. 322, relied on by appellant, the claim was set out in full in

the complaint, and it appeared affirmatively therefrom that the presentation counted upon was insufficient, and the ruling there made, that the demurrer should have been sustained, was upon that ground, the court saying: "The complaint shows upon its face that the only presentation of the claim was as above stated, and makes the presentation a part of the complaint as an exhibit." It was not a case, therefore, as it may be conceded is the case here, of a mere defective averment of the essential fact of presentation, but an averment from which it appeared that no proper presentation was ever had. The other cases relied upon by appellant we do not regard as affecting the question under consideration.

2. The further objection that the complaint is ambiguous and uncertain is equally untenable. This objection is based upon the fact that the complaint alleges the note counted upon to have been given by Joel S. Josselyn and Georgia C. Josselyn, while the note, which is set out in full, appears to have been signed "J. S. Josselyn" and "G. C. Josselyn"; and it is said that there is nothing to show that the last-named persons are the same two parties alleged to have executed the note, and that for all that appears they may be entirely different individuals. But it is alleged that Joel S. Josselyn and said defendant Georgia C. Burnham, then the wife of the said Joel S. Josselyn, . . . . then and there made, signed, and delivered to said plaintiff, the payee therein named, their certain promissory note in writing, which said promissory note is in words and figures following, to wit," and then follows the note. This was quite sufficient to identify the parties signing the note as Joel S. and Georgia C. Josselyn.

3. Nor was it improper to include in the decree the items paid out by plaintiff for taxes and insurance on the mortgaged property. These expenditures were covered and secured by the mortgage and were paid under the authority therein given. Having been paid subsequent to the presentation of the claim, for the

protection of the property, they were properly allowed on foreclosure without demand or presentation. (*German Savings etc. Soc.* v. *Hutchinson*, 68 Cal. 52.)

The judgment is affirmed.

GAROUTTE, J., and HARRISON, J., concurred.

Hearing in Bank denied.