[S. F. No. 865. In Bank.—November 12, 1897.]

J. J. MORROW, Administrator, etc., Appellant, v. J. H. BARK-ER, Administrator, etc., Respondent.

ESTATES OF DECEASED PERSONS—PRESENTATION OF CLAIMS—CLAIM OF ANOTHER DECEDENT—STATUTE OF LIMITATIONS—EXCEPTION—CONSTRUCTION OF CODE. Section 1493 of the Code of Civil Procedure, declaring that all claims arising upon contract, whether the same be due or contingent, must be presented within the time limited in the notice to creditors, and any claim not so presented is barred forever, is a statute of limitations having no exception from its operation saving the claim of a claimant who had no notice by reason of being out of the state; and a court is not authorized to make any other exception to relieve from hardship, or to aid apparent equities; and a claim arising upon contract presented by the administrator of a deceased claimant, after the time for presentation of claims has elapsed, is properly rejected, and an action thereupon is barred by sections 1493 and 1500 of the Code of Civil Procedure.

ID.—RIGHT OF ADMINISTRATOR TO BRING AND MAINTAIN ACTION—CONSTRUCTION OF CODE.—Section 353 of the Code of Civil Procedure, which provides that in case of the death of a deceased person entitled to bring an action before the expiration of the time limited for the commencement thereof, an action may be commenced by his representative after that time, and within six months from his death, does not apply to an action upon a claim against the estate of another deceased person; and section 1500 of the same code, which declares that no holder of any claim shall maintain any action thereon, unless the claim shall first have been presented, is to be construed as precluding the right to bring an action until such presentation, the first essential of the right to maintain or prosecute an action being the right to bring or commence it.

APPEAL from a judgment of the Superior Court of Mendocino County. R. McGarvey, Judge.

The facts are stated in the opinion of the court.

J. A. Cooper, for Appellant.

W. G. Poage, for Respondent.

HENSHAW, J.—On October 25, 1895, the defendant, as the administrator with the will annexed, published notice to creditors in the estate of Susan Berg, deceased, directing all creditors to present their claims within four months after the first publication of the notice.

January 2, 1896, and before the time for presenting claims had expired, John Sundstrom died, without having presented his claim against the estate of Berg. February 20, 1896, letters of administration were duly issued to plaintiff on the estate of John Sundstrom, deceased. February 25, 1896, the four months' time specified in the notice to creditors of the estate of Berg expired, and the claim of Sundstrom had not been presented or allowed. March 6, 1896, the claim upon which this action is based was duly made out as required by the statute, and on March 16th, ten days after the time for presentation had elapsed, was presented to the defendant, as the administrator of the estate of Susan Berg, for allowance. The claim was rejected by the administrator on the ground that it was not presented in time and was barred by the statute.

This action was brought upon the rejected claim. A demurrer to the complaint was interposed on the ground that the cause of action set forth in the complaint is barred by sections 1493 and 1500 of the Code of Civil Procedure. The court below sustained the demurrer, and this ruling of the court is the sole point presented for determination.

Section 1493 of the Code of Civil Procedure declares that all claims arising upon contract (as does the one under consideration), whether the same be due or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever. Here is a statute of limitations. The holder of no claim is excepted from its disability, saving him alone who has been absent from the state. A court is not authorized to make an exception to relieve from hardship or to aid apparent equities. (*Tynan v. Walker,* 35 Cal. 640; 95 Am. Dec. 152; *Sichel v. Carillo,* 42 Cal. 499.) As was said in *Estate of Hildebrandt,* 92 Cal. 436: "The statute is imperative and applies to all claims arising upon contracts. If the effect of it is to cause a loss or work a wrong in some particular case, that is a matter for the consideration of the legislature and not the courts."

To escape the effect of this section, however, appellant seeks the aid of section 353 of the Code of Civil Procedure, which provides that in case of the death of a person entitled to bring an action before the expiration of the time limited for the commencement thereof, an action may be commenced by his repre-

sentatives after that time and within six months from his death. But section 1500 of the Code of Civil Procedure declares that no holder of any claim against an estate shall maintain any action thereon unless the claim first shall have been presented. Until such presentation he has no right to bring an action. Such is the very obvious meaning of the section. It would be to accuse the legislature of the shallowest verbal trifling to say that by the two sections it meant that one could have a right to bring an action who at the same time had no right to maintain it. The maintenance of a right of action means the right to prosecute it, and the first essential of the right to maintain or prosecute is the right to bring or commence it.

Situations have been pictured where much hardship might follow this presentation of the law, as where in case of a prolonged contest over the will of one decedent, there may be no personal representative appointed to present his claim against the estate of another until the time has lapsed. If such misfortune should result (and it need not, perhaps, be seriously apprehended in view of the law permitting the appointment of special administrators for like emergencies), it would serve to point an argument to the lawmakers, but not to the judges, whose sole response must be, *ita scripta lex.*

The judgment appealed from is affirmed.

Harrison, J., McFarland, J., Garoutte, J., Van Fleet, J., and Beatty, C. J., concurred.