[S. F. No. 557.   Department One.—January 5, 1898.]

GEORGE D. BLISS, Appellant, v. R. G. SNEATH, Respondent.

STATUTE OF LIMITATIONS—COUNTERCLAIM—PLEADING—DEMURRER—DEFENSE TO COUNTERCLAIM—RECORD UPON APPEAL—PRESUMPTION.—The statute of limitations is a personal privilege which is waived, unless specially pleaded; and, where a counterclaim appears upon the face of the answer to be barred by the statute of limitations, it must be specially pleaded to by demurrer on that ground, else it is waived; and if it does not so appear, in order that it may be availed of upon appeal as a defense to the counterclaim, and that reversible error may be shown in sustaining the counterclaim, it is incumbent upon the plaintiff to show in the record upon appeal that the statute of limitations was urged in the court below and relied upon as a defense to the counterclaim, else it will be assumed upon appeal that no such defense was made or claimed.

ID.—ACTION FOR RENT—COUNTERCLAIM FOR DIVISION FENCE—PERIOD OF LIMITATION—STATUTORY LIABILITY.—In an action for rent, a counterclaim for a division fence constructed by the defendant upon contiguous land and used by the plaintiff is upon a liability created by statute, and is not barred short of three years from the date of the inclosure of plaintiff's land whereby the division fence was utilized; and it is immaterial that it may be deemed a cause of action upon contract within the law of setoff and counterclaim.

APPEAL from a judgment of the Superior Court of the County of San Mateo. George H. Buck, Judge.

The facts are stated in the opinion of the court.

Byron Waters, for Appellant.

Garret W. McEnerney, for Respondent.

HARRISON, J.—The plaintiff seeks by this action to recover the rent of certain lands demised by him to the defendant. The defendant makes no issue upon his liability for the amount claimed, but alleges in his answer that the plaintiff is only the agent of his wife, who is the owner of the land, and prosecutes the action in her behalf; that the demised land is contiguous to certain lands of his own; that he had constructed a division fence between the contiguous tracts, and that subsequently thereto, and prior to the commencement of the action, the plaintiff's wife had inclosed her tract and made use of said division fence, and that by virtue of section 841 of the Civil Code, she thereby became liable to him for her just proportion of the division fence. He therefore pleads the amount of this liability as a defense or counterclaim to the demand of the plaintiff. The cause was tried by the court, and findings of fact were made in accordance with these averments, fixing the amount of eight hundred and ninety-one dollars and ten cents as the just proportion of the value of the fence to be paid by her, and rendered judgment in favor of the plaintiff for the difference between the amount claimed in the complaint, and this last-named sum. The plaintiff has appealed from the judgment, and brings the appeal here upon the judgment-roll, without any bill of exceptions.

In support of his appeal, the plaintiff contends that the court should not have allowed any portion of the counterclaim pleaded by the defendant, for the reason that it was barred by the statute of limitations. The fence was constructed by the defendant in 1877, and the plaintiff's wife inclosed her tract and made use of the division fence between May 21, 1888, and June 1, 1888. The present action was commenced May 15, 1891, and on May 18, 1891, the defendant commenced an action against the plaintiff and his wife to recover for her portion of the value

of the division fence. This latter action was pending at the time the present action was tried. No plea of the statute of limitations was made by the plaintiff to this claim, and it does not appear from the record that the plaintiff made any claim of this nature before the superior court. He, however, contends that the statute is deemed to have been pleaded by virtue of the provision of section 462 of the Code of Civil Procedure, viz: "The statement of any new matter in the answer in avoidance, or constituting a defense or counterclaim, must, on the trial, be deemed controverted by the opposite party."

The statute of limitations is a special defense which may be either relied on or waived at the election of a party entitled to avail himself of it, and, if not specially made, will be deemed to have been waived. (*Kelley v. Kriess*, 68 Cal. 213.) Being a defense which is personal in its nature, it must be affirmatively shown to the court that it is relied upon by the party as a defense to the action; and upon an appeal from a judgment against a party entitled to make the defense, it will be assumed that the defense was waived, unless it affirmatively appears from the record that it was made in the court below. "Whenever a defense is of the nature of a special privilege, of which the party can only avail himself by pleading it, then the pleading, whether it be by demurrer or answer, must specify the grounds of his defense. A complaint which states a cause of action which might be defeated by interposing the statute of limitations may be sufficient to support a judgment, provided the defendant does not choose to avail himself of the defense afforded him; and hence if he elects to avail himself of any defense personal to himself, as a special privilege or immunity, he must manifest that election by pleading it." (*Kent v. Snyder*, 30 Cal. 672.) Even if it appears upon the face of the complaint that the claim sued upon is barred by the statute, the defense is not available unless it is pleaded. It is unavailable under a demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action, but must be specially stated as a ground of the demurrer. (*Brown v. Martin*, 25 Cal. 82.) Not only must the facts set forth in the complaint show that the defense is available, but, as the court is not authorized to consider the defense unless it is claimed, the election to claim it is a fact which must also appear upon the record before the court can

hold that it exists.    Section 443 of the Code of Civil Procedure
authorizes a plaintiff to demur to a counterclaim set up in the
answer, upon the ground (sec. 444) that the answer does not
state facts sufficient to constitute a counterclaim.    But, if he
would rely upon the statute of limitations, he must specify this
as the ground of his demurrer as fully as in a demurrer to a
complaint upon this ground.    A judgment in favor of a counter-
claim which appears on its face to be barred by the statute will
be affirmed if the statute is not invoked as a defense, upon the
same principles that a judgment upon a similar complaint will
be affirmed in the absence of pleading the statute.

When a judgment of the trial court is brought here for re-
view, it is incumbent upon the appellant affirmatively to show
some reversible error committed by that court.    If the appeal is
presented upon the judgment-roll, the error must appear on the
face of the record.    Not only will error never be presumed, but
every presumption will be indulged in favor of upholding the
judgment.    Although findings are required upon all material is-
sues, a judgment will not be reversed for want of a finding, un-
less it shall appear that there was evidence before the court
from which it was required to make a finding which would
countervail its other findings.    (*Winslow v. Gohransen,* 88 Cal.
450.)    In the absence of any showing of this kind, it will be as-
sumed that there was no evidence upon such issue.    This rule
applies not only to the issues that are made to the allegations
of the complaint by the answer, but also to the issues made by
the averment of new matter in the answer, which are "deemed
controverted" by virtue of section 462 of the Code of Civil Pro-
cedure.    A failure to make a finding upon any of these issues
will not, in the absence of a bill of exceptions, be held to be
error, and a failure to make a finding upon the issue of the stat-
ute of limitations, when it does not appear that the defense was
claimed in the court below, will not be held to be error.    It will
be assumed here that such defense was not made in the court
below, under the same principles as it is assumed that no evi-
dence was offered upon any other issue on which no finding is
made.    As this defense to the counterclaim does not appear upon
the record, we must assume that it was not made in the court
below.

Upon a former appeal herein (*Bliss v. Sneath,* 103 Cal. 43)

the judgment was reversed upon the ground that the answer presented a defense to the complaint which should have been considered by the court, and that upon plaintiff's motion for judgment on the pleadings the amount claimed in the answer should have been allowed in reduction of his claim. If, however, as is claimed by the plaintiff, the claim set up in the defendant's answer would be barred by limitation at the expiration of two years, and the statute of limitations is deemed to have been pleaded on behalf of the plaintiff by virtue of section 462 of the Code of Civil Procedure, that would have been a sufficient reason for affirming the judgment, instead of reversing it.

Under these considerations it is unnecessary to determine whether the counterclaim pleaded by the defendant would be barred in two years or three years.

The judgment is affirmed.

Van Fleet, J., concurred.

BEATTY, C. J., concurring.—I concur in the judgment, upon the ground that the counterclaim was upon a liability created by law and was not barred short of three years. The decision upon a former appeal, that it was a cause of action arising out of contract within the law of setoff and counterclaim, is not at all inconsistent with this view. A liability may be at the same time a statutory and contract liability—and so it has been held by this court with respect to the liability of stockholders. It is a statutory liability as to the statute of limitations (*Moore v. Boyd*, 74 Cal. 167), and a contract liability as to the right of attachment (*Kennedy v. California Sav. Bank*, 97 Cal. 93; 33 Am. St. Rep. 163), and as to the law defining the jurisdiction of justices of the peace. (*Dennis v. Superior Court*, 91 Cal. 548.)