[S. F. No. 3584.   Department Two.—June 8, 1906.]

HENRY N. MORSE, Appellant, v. E. S. M. STEELE, Executrix of Will of E. L. G. Steele, Deceased, Respondent.

ESTATES OF DECEASED PERSONS—CLAIM ON CONTRACT—PRESENTATION BEFORE SUIT ESSENTIAL.—A claim founded upon a contract made with a deceased person must be presented as a claim against the estate of the decedent as a condition precedent to a suit against the executor or administrator, and a complaint in an action against an executrix upon such a claim, which does not allege presentation of the claim to the executrix before suit, does not state a cause of action.

ID. — ACTION AGAINST EXECUTRIX — LOSS OF LIVE-STOCK — BREACH OF CONTRACT—TORT—INSUFFICIENT COMPLAINT.—A complaint against an executrix, as such, for damages payable out of the estate, alleging a contract with decedent made about six years before suit, under which plaintiff delivered live-stock to decedent, to be cared for as carefully as his own stock upon decedent's ranch, and to be bred for four years, when the contract was to terminate, and colts were to be sold for their mutual benefit, and the original live-stock was to remain the property of plaintiff, and alleging that decedent, who died two years after date of the contract, and the executrix neglected to care for the animals of plaintiff, by reason of which they were lost and destroyed and never returned to plaintiff, to plaintiff's damage in the sum of eight thousand dollars, is based upon breach of contract alleged, and not upon tort; and is demurrable for failure to allege a presentation of the claim to the executrix before suit.

APPEAL from a judgment of the Superior Court of Alameda County.   F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Noble Hamilton, R. M. F. Soto, and J. W. Dorsey, for Appellant.

Bishop, Wheeler & Hoefler, and J. F. Bowie, for Respondent.

THE COURT.—In September, 1892, E. L. G. Steele, the owner of a ranch in El Dorado County, entered into a written contract with plaintiff with reference to the care and proceeds of certain live-stock, which were to be and were delivered by plaintiff to Steele.   By the terms of the contract plaintiff was to deliver about one hundred jacks, jennies, and mares to

Steele upon his ranch. Steele was to receive the animals and care for them "as carefully as he did for his own stock." They were to be bred for four years, and at the end of four years the colts were to be sold for the mutual benefit of the parties to the contract, provided that, by the consent of both parties, a portion of the colts might be sooner disposed of. It was provided that the agreement should come to an end at the expiration of four years, and that Steele should have no ownership in the original stock delivered to his custody. About two years after the execution of the contract Steele died, and the defendant and respondent herein became executrix under his will. After she had qualified as such executrix, plaintiff presented the contract in question to her as a contingent claim against the estate. The claim was rejected, and plaintiff then commenced suit in the superior court of the city and county of San Francisco. Judgment passed for the executrix upon the pleadings, it being shown on the face of the complaint that the action was prematurely brought and that the claim was not due when the complaint was filed. Upon appeal the judgment of the lower court was affirmed by this court in *Morse* v. *Steele,* 132 Cal. 456, [64 Pac. 690]. The present action was brought on September 28, 1898, while the appeal in the former action was pending. The two months allowed by section 1498 of the Code of Civil Procedure after the claim became due within which to commence suit thereon had elapsed, the present action, in fact, having been brought nearly two years after the claim upon which it was founded had become due. Respondent herein is sued as executrix only, and it is asked that judgment be rendered against her "as executrix payable in due course of administration." The defendant demurred to plaintiff's complaint; the demurrer was sustained by the court without leave to amend, upon the ground that the complaint did not show that the claim, which was the foundation of the suit, had been presented to the executrix of Steele's estate, which presentation is, under the provisions of section 1500 of the Code of Civil Procedure, a prerequisite to a suit thereon, if the claim be founded on contract. It is undisputed that a complaint which does not allege presentation of the claim, if presentation of a claim is necessary, fails to state a cause of action, since by section 1500 presentation of a claim is a condition pre-

cedent to suit. (*Ellissen* v. *Halleck,* 6 Cal. 393; *Morrow* v. *Barker,* 119 Cal. 65, [51 Pac. 12]; *Humboldt Society* v. *Burnham,* 111 Cal. 345, [43 Pac. 971].)

To meet this, appellant contends that the cause of action set forth in the complaint is not for breach of contract, but is for tort pure and simple, and that the presentation of a claim is therefore not necessary. This position is untenable. The complaint sets up the contract, alleges performance upon the part of plaintiff, and avers that Steele in his lifetime, and afterwards defendant as executrix, failed and neglected to take care of the animals, and that by reason of such failure and neglect they were lost or destroyed, and that they had never been returned to him, to his damage in the sum of eight thousand dollars. Though not expressed, it was the implied duty of Steele in his lifetime, and of the executrix, to have returned the stock at the expiration of the bailment, and this duty itself arose under the contract, as explicitly as though it had been expressly provided for. The complaint avers that "immediately after said contract was executed and in pursuance thereof" plaintiff delivered the live-stock to Steele, and the case is, in all its essentials, like that of *Chapman* v. *State of California,* 104 Cal. 690, [38 Pac. 457, 43 Am. St. Rep. 158], where the harbor commissioners of San Francisco had received upon the wharves of the city coal of the plaintiff. While the coal was upon the wharf it broke, "by reason of the negligence and carelessness of the defendant, its officers and agents, . . . in failing and neglecting to keep said wharf in good and sound condition and repair," and the coal was sunk in the bay and lost to plaintiff. The action was against the state. If it was in tort, plaintiff was not entitled to recover. This court after so stating, declared: "But we are clearly of the opinion that the cause of action alleged in the complaint is not of this character. It is not founded upon negligence constituting a tort, pure and simple, and unrelated to any contract, but is substantially an action for damages on account of the alleged breach of a contract. . . . A wharfinger is one who for hire receives merchandise upon his wharf, either for the purpose of forwarding or for delivery to the consignee upon such wharf, and matters alleged in the complaint show a contract of the latter character, and the state is bound thereby to the same extent

as a private person conducting the business of wharfinger would be under a similar contract. . . . We are entirely satisfied that the plaintiff's cause of action, as alleged in the complaint, arises upon contract.'' In *Stark* v. *Wellman,* 96 Cal. 400, [31 Pac. 259], the first count of the complaint averred that plaintiff delivered to defendant, at his special instance and request, a package containing six hundred and fifty dollars in coin, in consideration of which defendant undertook and agreed to take due and proper care of it, and to redeliver the same to plaintiff upon demand. It charged that defendant did not take due and proper care of said package, but so carelessly conducted himself with respect thereto that it was lost through his gross carelessness, and that he failed to redeliver it upon demand. The second cause of action was for conversion of the same package. A demurrer was interposed to the complaint upon the ground that a cause of action arising upon a contract was improperly joined therein with a cause of action for tort. The plaintiff contended that the first count was for a breach of duty imposed by law, and therefore was in tort. This court said: ''This contention cannot be sustained. It is true the owner of property injured by the tortious act of another may sue for the injury in tort, without noticing a contract with the wrong-doer of which the wrongful act is a violation. . . . But there can be no question that he may sue for the breach of a contract, as was done in this case. The duty which the defendant is charged with having violated is expressly derived from the contract.''

For the foregoing reasons the judgment appealed from is affirmed.

Hearing in Bank denied.