[Civ. No. 1582.   First Appellate District.—September 3, 1915.]

## N. ELIZABETH PARKER, Respondent, v. A. F. POWER, Appellant.

PLEADING—ACCOUNT STATED—FINDING—LACK OF PREJUDICE.—Assuming that one of several counts set forth in a complaint was defective in failing to allege the place where an account stated was had, where the court does not find against the appellant on that count, he cannot be heard to complain.

ID.—DEFENSE—NEW MATTER—FINDINGS.—Where one of the counts in a complaint is for the reasonable value of caring for certain horses during a given time, which it is alleged the defendant promised to pay, and the answer, in addition to denying this allegation in the language of the complaint, also set forth that the plaintiff agreed with the defendant to take care of the horses for a specified sum, a finding following the language of the complaint in this regard, by necessary implication, finds against the new and inconsistent matter set up in the answer.

ID.—APPEAL ON JUDGMENT-ROLL—FAILURE TO PRESENT EVIDENCE—PRESUMPTION.—Where the appellant in such a case fails to show that any evidence was introduced in proof of the new matter in his answer, it will be presumed in favor of the judgment and findings that no evidence was introduced upon this phase of the case.

APPEAL from a judgment of the Superior Court of Santa Clara County.   J. R. Welch, Judge.

The facts are stated in the opinion of the court.

John P. Fitzgerald, for Appellant.

Niles E. Wretman, for Respondent.

KERRIGAN, J.—This is an appeal from the judgment taken upon the judgment-roll alone.

Assuming, as claimed by the appellant, that one of the several counts set forth in the complaint is defective in failing to allege the place where the account stated was had, nevertheless, since the court did not find against the appellant on that count, we are at a loss to understand how he can be heard to complain.

Equally without merit is the point that the findings are defective in not finding upon new matter alleged in the answer. One of the counts in the complaint is for the reasonable value of caring for certain horses during a given time, which it is alleged the defendant promised to pay. The answer, in addition to denying this allegation in the language of the complaint, also set forth that the plaintiff agreed with the defendant to take care of the horses for a specified sum. The finding upon this phase of the controversy follows the language of the complaint in accordance with plaintiff's contention; hence the court, by necessary implication, found against the new and inconsistent matter set up in the answer. Aside from this, the appellant supporting his appeal by the judgment-roll alone, it necessarily follows that he has failed to show in this court that any evidence was introduced in proof of such new matter. We will presume, therefore, in favor of the correctness of the judgment and findings, that no evidence upon this phase of the case was in fact presented to the court (*Bliss* v. *Sneath*, 119 Cal. 526, 529, [51 Pac. 848]).

Judgment affirmed.

Lennon, P. J., and Richards, J., concurred.