[Civ. No. 3079. Second Appellate District, Division One.—July 1, 1920.]

F. C. McDOWELL et al., Appellants, v. TITLE GUARANTEE & TRUST CO. (a Corporation), et al., Respondents.

[1] APPEAL—ALTERNATIVE METHOD—REPORTER'S TRANSCRIPT—FAILURE TO FILE NOTICE OF REQUEST AND UNDERTAKING.—On an appeal from a judgment under the alternative method, the appellate court will not regard the reporter's transcript as a part of the record on appeal, where it was not on file at the time of the filing of appellant's brief or during the entire time allowed by the rules of court for filing of respondent's brief, and no notice of request for such transcript was filed with the clerk of the superior court within the time prescribed by section 953a of the Code of Civil Procedure, and no undertaking to secure the reporter's fees for the transcript was ever filed.

[2] ID.—EXPIRATION OF SIX MONTHS—JURISDICTION TO GRANT RELIEF.—After the expiration of six months from the default of the appellant in filing notice of request for a reporter's transcript, the superior court is without jurisdiction to grant relief under section 473 of the Code of Civil Procedure.

[3] ID.—STATUTE OF LIMITATIONS—PLEADING—WAIVER.—The contention that a complaint in intervention did not state a cause of action because it showed on its face that it was barred by the statute of limitations cannot be considered on appeal, where the record on appeal does not show that such defense was raised in the trial court, either by demurrer or answer. (On denial of rehearing.)

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Elon G. Galusha and Isador Morris for Appellants.

W. G. Cooke, E. W. Sargent, John F. Keogh, Jones & Weller and Walter P. Keen for Respondents.

CONREY, P. J.—In this action judgment in favor of the respondents was entered on December 3, 1915.. On the twenty-fourth day of January, 1916, plaintiffs filed notice of appeal from the judgment. The clerk's transcript on appeal was filed on June 27, 1919, and it appears therein that on April 11, 1919, the plaintiffs by their attorney filed with the clerk of the superior court a notice requesting that a transcript of the testimony, etc., at the trial be made up and prepared. No bond to secure the reporter's fees for the transcript was filed, but the notice stated that the plaintiffs "have made arrangements with the court reporter to pay for the cost of the same." The reporter's transcript, containing 218 pages, was certified by the reporter and on the eleventh day of October, 1919, the truth and correctness thereof was certified by the judge who tried the case. This transcript was filed on the twenty-third day of October, 1919. The appellants' opening brief was filed on the twenty-sixth day of August, 1919. All of the grounds of appeal presented therein depend upon contents of the reporter's transcript. It thus appears that at the time of the filing of appellants' brief and during the entire time allowed by the rules of court for filing of respondents' brief the reporter's transcript referred to in that brief was not on file, and, therefore, there was nothing in the records of this court furnishing data upon which respondents could base any reply in their briefs. Respondents have filed no brief, and at the hearing they have objected to consideration of the matters presented in appellants' brief and to consideration of the appeal on its merits.

In the judge's certificate to the reporter's transcript statements are made showing that the reporter's transcript was filed by the reporter in the superior court on May 9, 1919, and that the judge refused to grant a certificate thereto; that thereafter, on August 15, 1919, pursuant to notice, appellants moved for an order vacating the order of May 14, 1919, whereby the court declined to certify to said tran- .

48 Cal. App.—26

script, which motion was opposed, and the court refused to vacate the order of May 14th and again refused to certify to the transcript; that thereafter, on October 11, 1919, pursuant to notice, plaintiffs again moved the court to vacate said order of May 14th, which motion was granted, and the court then made the certificate as requested by plaintiffs. By recitals in the certificate it appears that the order as finally made was based upon an affidavit showing that on December 18, 1915, plaintiffs "ordered the reporter who reported the above-entitled action, at the trial thereof, to prepare his transcript to be used on appeal, and paid said reporter therefor, on said date, five dollars on account of his charges for the preparation of said transcript; and that, thereafter, on December 29, 1915, said plaintiffs and appellants paid said reporter, on account of his charges in preparing said transcript, the further sum of thirty dollars. The defendants, interveners and respondents, by counsel, opposed said motion on all grounds heretofore urged, among said grounds of opposition being that the court has no jurisdiction of this case; that the court has no jurisdiction to grant the motion of plaintiffs and appellants; that plaintiffs and appellants have been guilty of unreasonable delay and inexcusable neglect."

Section 953a of the Code of Civil Procedure provides that the notice to the clerk, stating that the party demanding a transcript of the testimony desires or intends to appeal, or has appealed from the judgment, and requiring that a transcript of the testimony, etc., be made up and prepared, "must be filed within ten days after notice of entry of the judgment, . . ." In *Fiske* v. *Gosbey,* 168 Cal. 334, [143 Pac. 611], it was held, in accordance with previously established decision, that the filing of the notice of appeal from a judgment is conclusive evidence that the appellant knew of the judgment and its contents at the time of the filing of the notice, and that this fixed the beginning of the time to give notice to the clerk, in the absence of anything to show that he had notice thereof theretofore. "It is explicitly declared that a written notice of the entry of the judgment or order is not necessary to start running the time for filing said notice to the clerk when the appellant has actual knowledge thereof." It was further held that by failing to give such notice within the time fixed by law the appellant loses

his right to proceed with the preparation of his transcript on appeal in the manner provided by section 953a.

[1] This record shows by the statement made by the judge indicating the evidence produced before him that the plaintiffs, according to their own showing, admitted that on the eighteenth day of December, 1915, they had actual knowledge of the entry of the judgment. The statements concerning payments on account made by the plaintiffs to the reporter are not sufficient to show either that they paid the reporter's fees in full or that they obtained credit from him or a waiver of his right to be secured by an undertaking to be filed as required by section 953b of the Code of Civil Procedure. If the appropriate notice to the clerk required by section 953a of the Code of Civil Procedure had been filed, it would have become the duty of the reporter to prepare the transcript and file the same with the clerk of the superior court within ten days after the notice to prepare transcript, with the appropriate undertaking, was filed with the clerk. But, as we have seen, no such notice was filed with the clerk, nor was any further proceeding taken by the plaintiffs to obtain a transcript until more than three years after the notice of appeal was filed. According to the provisions of the code, the time within which the plaintiffs were entitled to have the reporter's transcript prepared expired ten days after appellants had knowledge of the entry of judgment, and, as above stated, they have admitted having such actual knowledge as early as December 18, 1915. [2] If the order of October 11, 1919, and allowance of the transcript at that time by the judge, be regarded as an attempt to grant relief under section 473 of the Code of Civil Procedure, it was in excess of the jurisdiction of the court, since the period of six months after default, within which such relief might be granted, had expired more than three years before the order was made.

Upon the facts and in accordance with the law above stated, this court will not now regard said reporter's transcript as a part of the record on appeal. Since appellants do not rest their appeal upon any claim of error shown by the judgment-roll, no question on the merits of the case remains to be considered.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 24, 1920, and the following opinion then rendered thereon:

THE COURT.—Presenting their petition for a rehearing, appellants challenge the statement made in the opinion filed by this court that all of the grounds of appeal presented by them depend upon the contents of the reporter's transcript. They insist that there are errors on the face of the judgment-roll, which are mentioned on pages 31 to 34 of their brief, which they say that we have overlooked. It is true that they were overlooked, but by a very excusable inadvertence. Under the general heading "Points of Law," the brief contains a long list of such points, most of them not accompanied by any attempt to apply them to the case at bar. The items now designated by petitioners were buried in the mass of print, like needles in a haystack.

Now, considering the points on their merits: [3] Appellants claim that the complaint in intervention did not state a cause of action because it shows on its face that it is barred. This defense was not made either by demurrer or answer. Unless such defense is in some manner asserted in the trial court, it is waived. (*Bliss* v. *Sneath,* 119 Cal. 526, [51 Pac. 848].) Counsel for appellants assert that such defense was made in their answer to the complaint in intervention. The clerk's transcript does not contain any answer by appellants to the complaint in intervention. It is next suggested by counsel that the answer of defendant was a sham. Inspection of the answer shows that it was made in the usual direct form and not for want of information or belief, and it met the issues tendered. Counsel say that "the answer does not deny that defendant had a mortgage to F. C. McDowell." The answer of the defendant denied that the said note and mortgage were made in favor of F. C. McDowell, and alleged that, on the contrary, they were executed in favor of Hattie N. McDowell. The findings follow the answer in the determination of this matter. There are two or three other items directed to alleged errors shown by the judgment-roll, but as they have no greater merit than those already discussed, a further statement of them would be useless.

Concerning the matters which were discussed in the original opinion filed herein, we are satisfied with the decision as made.

The petition for a rehearing is denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 30, 1920.

All the Justices concurred, except Shaw, J., and Sloane, J., who were absent.