[Civ. No. 403. Fourth Appellate District.—June 27, 1931.]

LILLIAN M. WASHBURN, Appellant, v. E. E. KELTZ, as Administrator, etc., Respondent.

Karl F. Kennedy for Appellant.

D. B. Roberts for Respondent.

GRIFFIN, J., pro tem.—The allegations of the amended complaint recite the following facts: That respondent was the duly appointed, qualified and acting administrator of the estate of Emily M. Whiting, deceased; that on or about February 8, 1929, letters of administration upon her estate were issued to defendant; that defendant caused a notice

to creditors of said deceased to be published in the manner required by law, requiring all persons having claims against said deceased to exhibit them to said administrator at El Centro, California, said place being specified therein as his place of business, within four months from February 28, 1929, the last day for filing claims in said estate being June 28, 1929. That on June 15, 1929, appellant filed an original affidavit or verified claim (a copy of which was attached to the original complaint, marked exhibit A, and referred to in the amended complaint by reference only) with the Division of Labor Statistics and Law Enforcement in California, at its regular office in the Rowell Building, Fresno, California, setting forth certain items of wages due her from said estate for services performed in the city of Fresno.

A portion of the purported claim contains wording as follows: "Bureau of Labor Statistics of the State of California. Mrs. Lillian M. Jordan, Applicant, v. E. E. Keltz, Administrator of the Estate of Emily M. Whiting, Deceased, Respondent. Affidavit of Applicant." Then follows an affidavit setting forth the alleged facts supporting her claim for wages before the Bureau of Labor Statistics. The affidavit closes with this prayer: "Wherefore affiant prays that the wages claimed of $570.63 may be adjudged and decreed in these proceedings to be due and payable against the estate Emily M. Whiting, Deceased, etc."

That on June 15, 1929, a full, true and correct copy of said affidavit and claim, unverified, was served upon defendant administrator. On July 12, 1929, appellant attempted to file a claim, apparently in proper form, with respondent as such administrator but, the time of filing claims having expired, respondent refused to receive or file said claim, and so notified appellant.

The only allegation in plaintiff's complaint as to the presenting or filing of a creditor's claim against the estate is the allegation of filing the affidavit or claim with the Division of Labor Statistics and serving a copy thereof on respondent administrator.

The only question involved in this appeal is whether or not the filing of such an affidavit or claim in a proceeding before the Division of Labor Statistics and Law Enforce-

ment, and the service of a copy thereof, unverified, upon the administrator, complied with the statute relating to the presenting and filing of claims against the estate of a decedent.

The statute provides that all claims arising upon contract must be filed or presented within a time limited in the notice to creditors, and any claim not so filed or presented is barred forever. (Code Civ. Proc., sec. 1493.) It further provides that no holder of any claim against an estate shall maintain any action thereon unless the claim is first filed with the clerk (of the court) or presented to the executor or administrator. (Code Civ. Proc., sec. 1500.)

■ A complaint against an estate, stating a cause of action founded on contract, which does not aver that a claim for the cause of action sued on has been thus presented to the administrator, fails to state a cause of action. (*Moore* v. *Steele,* 149 Cal. 303 [86 Pac. 693]; *Morrow* v. *Barker,* 119 Cal. 65 [51 Pac. 12]; *Burke* v. *Maguire,* 154 Cal. 456, 463 [98 Pac. 21].)

■ Appellant claims that the filing of her verified claim with the Bureau of Labor Statistics in Fresno was a sufficient compliance with the statute, and relieved her of the necessity of filing a verified claim in the estate with the clerk of the court, or presenting a verified claim to the administrator of the estate, and cites as her authority *Griffith* v. *Lewin,* 129 Cal. 596 [62 Pac. 172]; *Guerian* v. *Joyce,* 133 Cal. 405 [65 Pac. 972]. We see no merit to this contention.

Appellant relies upon the case of *Doolittle* v. *McConnell,* 178 Cal. 697 [174 Pac. 305, 310], holding that a court may properly refuse "to hear minute technical objections based upon the supposed faulty verification of a claim made long after the commencement of the action and after the time for presentation of claims has expired". We do not believe the allegations of the complaint before us are similar to the facts in that case. The administrator, as a reasonable man, had a right to assume that the service of this copy of the affidavit and claim, as it was worded, was but a process of the Bureau of Labor Statistics, notifying the administrator of his right to be present and contest the claim before the bureau, and that a claim for the amount found might be subsequently filed in the estate.

Under the circumstances, we are of the opinion that appellant has neither alleged, nor can she allege, facts sufficient to bring herself within the requirements of the statute.

The order of the trial court is affirmed.

Barnard, P. J., and Marks, J., concurred.