[Civ. No. 7164.   Third Dist.   Oct. 24, 1945.]

LEWIS HAYS, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Administrator, etc., Respondent.

[Civ. No. 7165.   Third Dist.   Oct. 24, 1945.]

F. PORTEOUS, Individually and as Agent, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Administrator, etc., Respondent.

302

Johnson & Brawman, Charles E. Johnson and Mark M. Brawman for Appellant.

Roy A. Weaver for Respondent.

THOMPSON, J.—The above entitled actions were consolidated for the purpose of trial. From judgments rendered pursuant to orders sustaining demurrers to the complaints without leave to amend the pleadings the plaintiffs have appealed. The complaints attempted to allege causes of action for unpaid, overtime wages for services performed by plaintiffs under contracts of employment to cut timber for Walter G. Robinson, who subsequently died. The overtime wages and a similar amount as liquidated damages are

claimed under the provisions of the federal Fair Labor Standards Act. (29 U.S.C.A. §§ 201-218, p. 439.) The complaints fail to allege the presenting of claims to the estate of said deceased employer as required by sections 707 and 716 of the Probate Code. It is conceded the time for filing such claims had elapsed. It is contended the claims for overtime services and liquidated damages are statutory liabilities which do not arise from the contracts of employment and which therefore do not require the presenting of claims to the estate as prerequisite to the maintenance of the actions.

The complaints allege that W. R. Robinson was engaged in cutting timber for commercial purpose under contract with Mount Shasta Pine Manufacturing Company, prior to his death; that plaintiffs were employed and worked for Robinson in that logging industry in and subsequent to October, 1941, during specified hours in excess of forty hours per week, for which overtime they were paid only their regular wages, and that they were thereby damaged in stated amounts, being one-half of the wages for overtime service to which they were entitled (Fair Labor Standards Act, § 207 (a) (3)), and for further specified sums as ''liquidated damages'' and attorney's fees as provided by section 216 (b) of that act. The complaints allege the death of Robinson and the appointment and qualification of the defendant Bank of America as administrator of his estate. Neither complaint alleges the presenting of a claim against the estate. It is conceded the time for filing claims had expired. Separate demurrers to the complaints on the ground of failure to file the claims pursuant to section 707 of the Probate Code were sustained without leave to amend the pleadings.

We are of the opinion the claims for unpaid overtime wages and for liquidated damages and attorney's fees are based on the contracts of employment of the workmen, or at least contingent thereto, and the trial court therefore properly sustained demurrers to the complaints. The Probate Code provides that all claims arising upon contract or contingent thereon shall be presented against an estate within six months after the first publication of notice to creditors, and that any claim not so filed shall be forever barred. It also provides that no action based upon such claims may be maintained without first filing the claim. Certainly the claims which are involved on this appeal are at least contingent or incident to the contracts of employment. The complaints

failed to allege that claims therefor had been presented to the estate as required by law. ■ A complaint filed against an estate, which is based upon contract or contingent thereon, fails to state a valid cause of action unless it alleges the presenting of the claim within the time allowed in accordance with the provisions of the Probate Code. (*Burke* v. *Maguire*, 154 Cal. 456, 462 [98 P. 21]; *Morse* v. *Steele*, 149 Cal. 303 [86 P. 693]; *Washburn* v. *Keltz*, 115 Cal.App. 252 [1 P.2d 45]; 11A Cal.Jur. § 521, p. 734; Prob. Code, §§ 702, 707 and 716.)

The plaintiffs were employed by Robinson at stipulated wages to cut timber for commercial purposes. There was an implied promise to pay them the wages for overtime work prescribed by section 207 of the Fair Labor Standards Act. For failure to pay the overtime compensation there is a further liability imposed by the statute to pay an amount equal to such unpaid overtime minimum wages as "liquidated damages," together with a "reasonable attorney's fee." (§ 216 (b).) The federal Fair Labor Standards Act was in effect at the time the plaintiffs were employed. Since they were hired to perform work in the production of timber for commercial purposes, the act directly affected the contracts with respect to legal hours of service, the pro rata increase of wages for overtime work and the amount of liquidated damages, and authorized reasonable attorney's fees in the event of nonpayment of overtime wages. ■ We must assume the parties to the contracts of employment knew of the existence of the Fair Labor Standards Act and took into consideration its provisions applicable to hours of work and compensation for overtime service. (*Marshall* v. *Wentz*, 28 Cal.App. 540, 542 [153 P. 244]; 17 C.J.S. § 330, p. 784; 6 Cal. Jur. § 10, p. 24, § 186, p. 310; Civ. Code, § 1656.) It has been determined that the provisions of the Fair Labor Standards Act for overtime wages and liquidated damages are compensatory and not penal in their nature. (*Overnight Motor Tr. Co.* v. *Missell*, 316 U.S. 572 [62 S.Ct. 1216, 86 L.Ed. 1682, 1690]; *La Guardia* v. *Austin-Bliss Gen. Tire Co.*, 41 F.Supp. 678; *Cannon* v. *Miller*, 22 Wn.2d 227 [155 P.2d 500, 507].) ■ We conclude that although the statute provides for liability for overtime wages, liquidated damages and attorney's fees, they are merely supplemental and incidental to the contract of employment. ■ ˙ Clearly the provision of the act for overtime wages is for compensation of services and not

penal in nature. Likewise the cases last cited have determined that the provisions of the act with respect to liquidated damages and attorney's fees are also for compensation and not in punishment for failure to pay overtime wages when they are due. ▮▮▮ That construction of the federal statute refutes appellant's contention that the claims for overtime wages, liquidated damages for nonpayment thereof and attorney's fees are founded upon torts which do not require the presenting of claims to the estate of the deceased employer as a prerequisite to the maintenance of the suits. In the Missell case, *supra*, the United States Supreme Court said in 86 Law Edition at page 1690 with relation to the nature of a similar liability, and the overtime wages and liquidated damages due an employee in a commercial enterprise where the contract of employment failed to specify the hours required to labor or the payment of increased wages for overtime work, that:

". . . Respondent was subject at all times since the effective date of the Fair Labor Standards Act to its provisions.

". . . The wages [for overtime work] were specified for him by the statute, . . . . The liquidated damages for failure to pay the minimum wages under §§ 6(a) and 7(a) *are compensation*, not a penalty or punishment by the Government. [Citing authorities.] The retention of a workman's pay may well result in damages too obscure and difficult of proof for estimate other than by liquidated damages."

The overtime wages are fixed by the federal statute on the basis of a specified proportionate increase of the agreed wages for regular service stated in the contract. The overtime wages are necessarily dependent upon the contract of employment, fixing the per diem wages. These are primarily suits for the collection of wages, together with liquidated damages. Several federal cases have definitely determined that claims for such overtime wages, together with liquidated damages for failure to pay the obligations when due, are not ex delicto or founded on tort, but on the contrary that they sound in contract. Except for the contracts in the present cases, either express or implied, fixing the per diem wages, there would be no liability on the part of the employer Robinson to pay any sum whatever.

The rule of construction of a complaint to determine the nature of a cause from the gravamen of the facts related, as to whether it is based on contract or tort, announced in *Williamson* v. *Pacific Greyhound Lines*, 67 Cal.App.2d 250 [153

P.2d 990], is not in conflict with what we have previously said regarding the application of section 707 of the Probate Code. That was an appeal from an order granting a motion for change of venue. We recognized the right of a pleader, under proper circumstances, to elect whether he would bring his action upon contract or for tort. That was a damage case for personal injuries sustained while riding in a bus. We held that the action was founded on tort. In the present cases, if the plaintiffs had been personally injured by the negligent or wanton conduct of their employer and had brought suits for personal injuries thus sustained, the actions would have been founded on torts, and the claims would not have been required to be filed. But that is not the situation before this court. These suits were brought to collect wages.

The liability for increased wages for overtime work is not specifically included in the original contracts, but it is included in those contracts as modified by the provisions of the federal statute which became a part thereof. That liability does arise upon the contracts, or at least it is ''contingent'' thereon. Section 707 of the Probate Code does not limit the necessity of filing claims to those which are specifically and wholly covered by contract. It applies to ''all claims *arising* upon contract.'' The word ''arise'' is defined to mean ''Spring, originate, flow, issue, emanate, proceed, stem.'' (Webster's Dictionary of Synonyms, p. 70.) The Probate Code goes further in requiring the presenting of claims. It provides that they must be filed, not only if they arise upon contract, but also if they are ''contingent'' thereon. ▮ The use of the word ''contingent'' indicates that the claims are required to be presented when the liability is merely incidental to the contract and not specifically included therein. ▮ Section 707 of the Probate Code is in the nature of a statute of limitations. It is controlling upon all claims growing out of or incidental to the contracts. The federal act contains no provision with respect to limitation of actions or the necessity of filing claims against the estates of deceased persons. The California statute is therefore controlling in that regard.

▮ We may assume the liability for overtime wages, liquidated damages and attorney's fees are statutory as distinguished from tortious. But they nevertheless grow out of the contracts and therefore come within section 707 of the Probate Code. Strictly speaking, these claims are quasi-contractual. They are based on the contracts, but they were created by the statute which merely increased the contractual

liability. The Supreme Court has appropriately called such claims "quasi ex contractu." (*Quong Ham Wah Co.* v. *Industrial Acc. Com.*, 184 Cal. 26, 36 [192 P. 1021, 12 A.L.R. 1190]; *Bliss* v. *Sneath*, 119 Cal. 526, 530 [51 P. 848].) It is true that claims based on tort may not be reconciled with those which are contractual. But we see no reason why claims may not be statutory and still be founded upon contract so as to come within said provisions of the Probate Code.

The case of *North Alaska Salmon Co.* v. *Pillsbury*, 174 Cal. 1 [162 P. 93, L.R.A. 1917E 642], and other similar cases, relied upon by the appellants, are not in conflict with what we have said about the application of the Probate Code provision for filing claims. The only question involved in the last cited case was whether the Industrial Accident Commission had jurisdiction to award compensation for injuries sustained by a workman "beyond the limits of this state." None of the industrial accident cases cited by the appellants involved the question of the filing of claims against the estates of deceased persons. The opinion in the case last cited did say that "Under a compulsory statute, however, the correlative rights and obligations are not founded upon contract." But that opinion further states that neither do "they correspond with the legal conception of a tort." The latter statement is absolutely correct. The language of the Workmen's Compensation Act, and numerous decisions determine that compensation for injuries sustained in the course of employment under that statute may be awarded regardless of negligence or tort on the part of the employer. Such claims are not founded on tort. The opinion in the last cited case is of no assistance in determining the application of section 707 of the Probate Code to the claims in these cases. Referring to the above quoted language relied upon by these appellants, the Supreme Court said in the later case of Quong Ham Wah, *supra*, that:

"But the statute which is now before us assumes to extend its effect only to those cases where the contract of hire was made in this state. It is, therefore, not an attempt to create an obligation merely as an incident to a status *but is, in form and substance, a genuine regulation of contracts subject to the sovereignty of the state. The liability which it imposes is, so to speak, in a class by itself, being neither strictly contractual nor delictual, and it may, for want of a better term, be described as quasi ex contractu.* [Citing authorities.] . . .

The contract creates a relationship under the sanction of the law and *the same law attaches as an incident thereto* an obligation to compensate for injuries sustained. . . ." (Italics added.)

The foregoing case, and many others, recognize the existence of quasi-contractual obligations provided for by statutes. There appears to be no good reason why such statutory obligations may not properly come within the requirement of section 707 of the Probate Code.

Nor is the case of *People* v. *Hochwender,* 20 Cal.2d 181 [124 P.2d 823], or the other cases involving suits for collection of sales taxes or property taxes levied pursuant to statutes, upon which the appellants rely, in conflict with what we have said regarding the application of section 707 of the Probate Code. Suits for collection of taxes or for reimbursement for overpaid taxes belong to a different and distinct class. They are not founded on contract as the courts have uniformly held. They are entirely unlike suits for wages which are founded primarily on specific agreements for compensation for services. In the Hochwender case the court quotes with approval from *Perry* v. *Washburn,* 20 Cal. 350, the following final determination in that regard: "Taxes are not debts . . . due by contract, express or implied."

For that reason the court held in that case that it was not necessary to present a claim to the estate of the delinquent taxpayer as a prerequisite to the maintenance of the suit to collect retail sales taxes. There is good reason for that conclusion. Suits to collect taxes are ordinarily actions in rem against the property. (24 Cal.Jur. p. 22, § 5.) The statutes make them a lien upon the land or property. They are obligations due to the state for the necessary maintenance of government. They are not mere debts due on the theory of the existence of a relationship of debtor and creditor. Nor are they dependent on the assent of the taxpayer. (24 Cal.Jur. p. 21, § 4.)

The present suits are primarily for wages due to workmen pursuant to contracts modified by statute. Unlike the Fair Labor Standards Act, the Probate Code adopted section 707 as a statute of limitations. The federal act contains no provision for limitation of time within which to commence suit. Section 30 of the Retail Sales Tax Act specifically provides for a limitation of three years within which the board may bring an action for delinquent taxes. (Stats. 1933, p. 2599; Deering's Supp. 1935, p. 1965, Act 8493.) Likewise, section

23 of that act provides for a limitation of time within which to file a suit to recover overpaid taxes. The right to maintain the action depends upon filing the claim within three years.

We conclude that these actions for wages for overtime, together with liquidated damages and attorney's fees are founded primarily upon contracts of employment as modified by the federal statute, and that they are barred for failure to present claims therefor to the administrator of the estate of W. G. Robinson, deceased, as required by section 707 of the Probate Code. The demurrers were properly sustained without leave to amend.

The judgments are affirmed.

Adams, P. J. and Peek, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 20, 1945.