[No. 6,976. Department One.—June 6, 1884.]

## L. E. LYON, ADMINISTRATOR OF THE ESTATE OF KATE RODGERS, DECEASED, APPELLANT, *v.* JOHN PETTY ET AL., RESPONDENTS.

CROSS-DEMANDS — SET-OFF — COUNTER-CLAIM — MORTGAGE. — Cross-demands to be the subject of set-off, under section 438 of the Code of Civil Procedure, must be mutual, and co-exist as separate causes of action at the commencement of the action upon the principal demand ; and where an action was brought by an administrator to foreclose a mortgage given to secure a note which matured *after* the death of the intestate, *held,* that a promissory note of the deceased, assigned to the mortgagor, and which was due and payable at the time of the intestate's death, but was not presented to the administrator for allowance, cannot be set off against the mortgage debt.

ID. — Nor can such cross-demand be set off against the mortgage debt if it is barred by the Statute of Limitations at the time of the commencement of the foreclosure suit.

ID. — ASSIGNMENT — PROMISSORY NOTES. — Promissory notes assigned *before maturity* may be pleaded as a counter-claim by the assignee, in an action by an administrator to recover a mortgage debt due the estate from the assignee, although the notes were not presented to the administrator for allowance, if an action could have been maintained upon them at the commencement of the foreclosure suit ; but if assigned after maturity, the assignee takes them sub-

ject to all existing equities between the maker and payee, and under such cir-
cumstances they would not be the subject of a counter-claim, and could not be
pleaded as such under section 438 of the Code of Civil Procedure.

ID.—PLEADING.—An answer which sets forth facts which show that the defend-
ant came into possession of the notes by assignment before the death of the
intestate, but does not state whether before or after maturity of the notes, is
insufficient.

APPEAL from a judgment of the late Fifth Judicial District,
San Joaquin County.

The facts are stated in the opinion of the court.

*J. H. & J. E. Budd,* and *James H. Budd,* for Appellant.

*Byers & Elliott,* for Respondents.

McKEE, J.—On February 27, 1876, Kate Rodgers died
intestate. At the time of her death she was owner and holder
of a promissory note for three thousand dollars, dated December
20, 1875, and due and payable, with interest at ten per cent
per annum, two years after date; payment of which was secured
by mortgage upon real estate.

The note matured December 20, 1877, nearly twenty months
after the death of its owner and holder; and the administrator
of her estate, on March 29, 1879, commenced the action in hand
for foreclosure of the mortgage to satisfy the same.

To the complaint in the action the defendant answered that,
at the death of said intestate, he was the owner and holder of
four promissory notes against her—one for the sum of two
thousand dollars, due and payable January 13, 1875; another
for the sum of one hundred and ninety-two dollars, due and
payable May 1, 1875; another for the sum of one hundred and
eighty dollars, due and payable August 1, 1875; and the fourth
for the sum of three hundred dollars, due and payable February
18, 1876; each bearing interest at the rate of one per cent per
month from maturity until paid, except the note of two thousand
dollars, which bore interest at the rate of one and a quarter per
cent per month from its date, payable semi-annually, and he
asked as relief that the said notes, as they existed on the day of
her death, be set-off against his note in suit, and that the two
demands be compensated.

The defense invoked by the answer is not founded upon the notes as claims against the estate; they have never been presented to the administrator of the estate for allowance or rejection, as required by law for payment of debts due by the estate in the course of administration. But the right asserted is this: That the notes constituted demands against the intestate on the day of her death; and that without verifying and presenting them for allowance or rejection as claims against her estate, he, as the owner and holder of the same on that day, had the right to use them as compensation of the mortgage debt which he then owed to her. This right is claimed upon section 440 of the Code of Civil Procedure. The section provides:—

"Where cross-demands have existed between persons, under such circumstances that if one had brought an action against the other, a counter-claim could have been set up, the two demands, so far as they equal each other, shall be compensated; and neither can be deprived of the benefit thereof by the assignment or death of the other."

Under this section, cross-demands, as the subject of set-off, must be of such a nature as to constitute a counter-claim. A counter-claim is what the law declares it to be. Section 438 of the Code of Civil Procedure declares that the counter-claim mentioned in section 437 must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:—

1. A cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

2. In an action arising upon contract, any other cause of action arising also upon contract, and existing at the commencement of the action.

This section, 438, and section 440, of the Code of Civil Procedure, are the counterparts of sections 47 and 48 of the old Practice Act, under which it was held in *Naglee* v. *Palmer*, 7 Cal. 543, *Russell* v. *Conway*, 11 Cal. 93, and *Hobbs* v. *Duff*, 23 Cal. 596, that a demand to be used to compensate another must be such as would constitute the subject-matter of the statutory counter-claim; and that counter-claims differ from the equitable

right of set-off, which requires some peculiar circumstances based upon equitable grounds, such as fraud, insolvency, or the like, to warrant the interference of the court.

Both the statutory and the equitable right, however, are founded on the idea that mutual existing indebtedness, arising out of contracts between parties to the record, creates a compensation or payment of both demands so far as they equal each other. But under the Code the two demands must be mutual, and co-exist as separate causes of action at the commencement of the action upon the principal demand.

In this case the demands, as enforcible causes of action, did not co-exist, neither at the time of the death of Kate Rodgers nor at the commencement of the action against the defendant by her administrator. They did not at the time of her death, because the mortgage debt, which was the subject-matter of the action, did not mature until twenty months after her death, and at the day of her death there was no cause of action upon it. Nor did they at the commencement of the action by the administrator, because, at that time, the time of the Statute of Limitations had run upon the two thousand dollar note in the hands of the defendant, and the cause of action upon it was barred. Being barred by the statute at the commencement of the action upon the principal claim, it did not constitute a cause of action existing at the commencement of the action upon which a counter-claim was maintainable. (*Belleau* v. *Thompson*, 33 Cal. 495; *Stoddard* v. *Treadwell*, 26 Cal. 294; *Paige* v. *Carter*, 64 Cal. 489 ; *Carpentier* v. *City of Oakland*, 30 Cal. 439.)

Besides, while the answer sets forth facts which show that the defendant came to the possession of the four promissory notes by assignment, it does *not* set forth facts which show *when* they were assigned to him. After setting forth the execution and delivery of the notes by the maker, and the times of their maturity and their non-payment, it is averred that they were assigned before the death of the maker; but whether before or after the maturity of the notes does not appear. If the notes were assigned before maturity they would have constituted the subject-matter of a counter-claim, if a cause of action could have been predicated upon them at the commencement of the

plaintiff's action. But if after maturity, the assignee took them subject to all existing equities between the maker and the payees, and, under such circumstances, they would not be the subject of a counter-claim, and, as such, could not be pleaded under section 438 of the Code of Civil Procedure: "To allow a set-off in such a case," said the court, in *Duff* v. *Hobbs*, 19 Cal. 646, "would be in conflict with the provisions of section 47 (now § 438, *supra*); hence it has been decided that in such a case the set-off cannot be pleaded as a counter-claim, but must be set up as an equitable defense, on the ground that the assignee takes the demand subject to an existing equity." (*Ferreira* v. *Depew*, 4 Abb. Pr. 131.)

It follows that the answer as a pleading was defective, and the court should have sustained the demurrer to it.

Judgment reversed and cause remanded for further proceedings.

Ross, J., and McKinstry, J., concurred.