[L. A. No. 160. In Bank.—February 3, 1898.]

E. J. PERKINS, Respondent, v. WEST COAST LUMBER COMPANY, Appellant.

ATTORNEY AND CLIENT—ACTION UPON CONTRACT FOR SERVICES—COUNTERCLAIM—
DAMAGES FOR BAD ADVICE—STATUTE OF LIMITATIONS.—In an action by an
attorney at law to recover against his client upon a special contract
for services, a counterclaim for damages for bad advice given under
the contract alleged, and arising out of the transactions set forth
in the complaint, is not barred by the statute of limitations, if not
so barred at the commencement of the action, notwithstanding the
lapse of the period fixed by the statute before the filing of the answer
setting forth such counterclaim. The filing of the complaint in an
action upon contract suspends the statute of limitations as to a
counterclaim, whether it be one arising upon a separate contract, or
one arising out of the transactions set forth in the complaint, or
connected with the subject of the action.

FINDINGS — DISTINCTNESS REQUIRED—INDEFINITE FINDING.—The defendant is
entitled to distinct findings upon every material issue made by the
pleadings; and a finding "that all other averments in the pleadings
herein and in issue, not passed upon in these findings, are not true,"
is too vague and indefinite for any purpose. The appellate court is
not called upon to examine the record for the purpose of determining
what matters in issue made by the pleadings come within such a
finding.

APPEAL from a judgment of the Superior Court of San
Bernardino County and from an order denying a new trial.
John L. Campbell, Judge.

The facts are stated in the opinion of the court.

F. W. Gregg, for Appellant.

Rolfe & Rolfe, and Paris & Allison, for Respondent.

GAROUTTE, J.—This action is brought by an attorney at
law to recover upon a special contract for professional services
rendered to the defendant. Under such contract plaintiff was to
be paid a monthly salary. Judgment was rendered in his favor
for the sum of eighteen hundred and seventy-nine dollars,
and this appeal is prosecuted from that judgment, and also
from an order denying a motion for a new trial. The prin-
cipal question in the case arises out of a counterclaim for dam-
ages pleaded by defendant, wherein it is claimed that the de-

fendant was damaged in the sum of about three thousand four hundred dollars by reason of bad legal advice given it by plaintiff in certain prospective litigation wherein it was a party in interest.

The action was commenced by the plaintiff on April 24, 1890, and a counterclaim was first pleaded July 21, 1894. For the purpose of avoiding the statute of limitations, the defendant alleged that its cause of action for said damages arose out of the transactions set forth in the complaint; that at the time said advice was given defendant had no other legal adviser, and that it was agreed and understood, at the time the original contract was entered into between the parties, that it included the counsel and advice above mentioned, and that at the time the advice was so given a formal agreement as to compensation should be made and should include the service so given. To this counterclaim the plaintiff pleaded that it was barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure, and the court found in favor of this plea.

The counterclaim is not barred by the statute of limitations. While the claim would have been barred upon June 21, 1894, if incorporated into a complaint as forming the basis of a recovery, yet it does not follow that it may not be set up as a counterclaim at that time. The claim was not barred when the complaint was filed, and that fact allows it to be set up as a counterclaim, though if standing alone the statute would run against it before the answer was filed. As to a counterclaim, the filing of the complaint suspends the running of the statute of limitations. By section 438 of the Code of Civil Procedure, it is held that the answer of a defendant may set up a counterclaim "existing at the commencement of the action." *Lyon v. Petty,* 65 Cal. 322, fully supports this view. In answer to this position, respondent claims that it is only in actions arising upon contract set up as counterclaims that the statute of limitations is held in abeyance by the filing of the complaint. We are satisfied that the principle applies also to counterclaims of the character here relied upon. Volume 13 of the American and English Encyclopedia of Law, page 767, entirely supports this position.

The court made an omnibus finding to the effect "that all other averments in the pleadings herein and in issue, not com-

prised and passed upon in these findings, are not true." The defendant is entitled to distinct findings upon every material issue made by the pleadings. This finding is too vague and indefinite for any purpose. This court is not called upon to examine the record for the purpose of determining what matters at issue made by the pleadings come within the finding. (*Harlan v. Ely*, 55 Cal. 340.)

For the foregoing reasons the judgment and order are reversed and the cause remanded for a new trial.

Van Fleet, J., Harrison, J., McFarland, J., Temple, J., and Henshaw, J., concurred.