[Civ. No. 2678. Second Appellate District, Division Two.—April 30, 1920.]

## S. KINDERMAN, Respondent, v. VIRGINIA SHIPLEY, Appellant.

[1] JUDGMENTS—BREACH OF LEASE—ACTION FOR DAMAGES—CROSS-ACTION FOR BREACH—PREVIOUS ADJUDICATION—ESTOPPEL.—In an action for damages for breach of a covenant to pay rent, the defendant is estopped to set up as a defense and cross-action for damages that after the execution of the lease the plaintiff closed up one of the main entrances to the premises from the public street, thus greatly reducing the value of the use of the premises, and destroying the profits of defendant's leasehold, where the identical issue of fact was presented in a previous action between the parties in a justice's court to recover one month's rent and on a trial *de novo* in the superior court that issue was determined adversely to the defendant.

[2] ID.—RES ADJUDICATA.—A former judgment between the same parties is conclusive not only as to the subject matter in controversy in the action upon which it is based, but also in all other actions involving the same question.

[3] APPEAL—FAILURE OF APPELLANT TO PRINT RECORD.—Under the amendment of 1919 to section 953c of the Code of Civil Procedure, the omission of an appellant to print in her brief or in a supplement thereto such portions of the record as she desires to call to the attention of the court does not permit of a dismissal of the appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. V. Chavez for Appellant.

L. A. Lewis and Haas & Dunnigan for Respondent.

SLOANE, J.—The plaintiff brought this action to recover from the defendant $940 accrued rentals under a lease by plaintiff to defendant of a rooming-house in the city of Los Angeles. Defendant admitted the execution ·of the lease, and that the rental was unpaid, but denied liability, and sought to recover damages upon her counterclaim. The defense and cross-action is based upon the alleged fact that after the execution of the lease for a term of years the plaintiff closed up one of the main entrances to the premises from the public street, thus greatly reducing the value of the use of the premises, and destroying the profits of defendant's leasehold.

[1] On the trial before a jury the court instructed the return of a verdict for plaintiff, and against the defendant on her counterclaim, upon the introduction of the judgment-roll in a former action between the same parties, upon the same lease, and in which the same facts were pleaded by way of defense, with findings and judgment against the defendant.

The sole question presented on this appeal is as to the correctness of the holding of the trial court that the issue of fact raised by defendant's answer and cross-complaint was *res judicata.*

The former action was brought in a justice's court to recover one month's rent under the lease, for the sum of ninety dollars. Judgment was against the defendant, who appealed to the superior court, and ·a trial *de novo* was there had. The issue raised by the answer was pleaded as follows: "2. Defendant further answering and for defense herein alleges that at the time said agreement was entered into and she took possession of said premises from North Main Street, which was the main entrance to the same, the same being designated as No. 337 No. Main Street, as set out in said agreement, which fact was the reason for defendant entering into said agreement, but that after defendant had so entered into said agreement and had taken possession of said premises, and against the will and protests of said defendant said entrance was wrongfully closed up and taken out by plaintiff or his lessor, which was a breach of the conditions of said agreement, and said entrance was made into a store on the ground floor and rented to other parties. 3. That the defendant depended and relied in entering into

said agreement entirely upon the fact that the said premises had said entrance to said Main Street, the other entrance to same to New High Street being obscure and in the rear of said building. 4. That by reason of said Main Street entrance having been so abandoned and taken out, the said agreement became forfeited, inoperative, and void, and the defendant became greatly damaged and the said premises became entirely worthless and ruined and worthless for the purpose for which the same were leased, and that by reason thereof defendant did, and was compelled to vacate and surrender the same to plaintiff.'' In its decision against defendant the superior court found that prior to the negotiations of the lease in question there had been an entrance to the premises in question as alleged by defendant, but that during the negotiations leading up to the execution of the lease such entrance to the premises was being closed, and that certain employees of the plaintiff were engaged in closing up this entrance and removing the stairway leading from Main Street into the said premises; that prior to the time of the execution of said lease the entrance had been closed and abandoned, and the stairway removed; that in the execution of the lease the parties to the lease, being the plaintiff and defendant, contemplated and understood that there was to be no entrance to said premises from Main Street; and that at the time the lease was executed and defendant entered into possession of the premises there was no entrance from Main Street. The court further found that the allegations of paragraphs 2, 3, and 4 of the answer herein set forth were untrue; and that the defendant, with full knowledge that said entrance did not exist, and for the purpose of ratifying the lease, caused the lease to be acknowledged, and thereafter placed it of record in the records of Los Angeles County. The defendant thereafter abandoned the premises and defaulted in all further payments of rent, and this action was brought some two years later by the plaintiff to recover damages in the sum of $940 for breach of the covenant to pay rent. The defendant, by way of defense and counterclaim, set up, in substantially the same language as in the defense to the former action, the facts there alleged as to the existence and subsequent closing of the Main Street entrance, and claimed damages in the sum of $17,700.

We think it is clearly apparent that the defendant is estopped by the former decree and judgment from setting up this defense and cause of action on counterclaim. It is true that the relief sought here by defendant is not precisely the same as in the former action, but the right of defendant to relief depends upon precisely the same issue of facts that was tried in the former case and determined adversely to defendant's contention. The question of debarring defendant's right to plead a counterclaim in the present case because of not having presented such claim in the former trial is not involved. It is merely that the issue of fact which she now relies upon for her defense and recovery of damages has heretofore been tested and adjudged untrue in a trial by a competent court between the same parties; and the law declares that as between the parties that question was settled once for all. [2] ''A former judgment between the same parties is conclusive not only as to the subject matter in controversy in the action upon which it is based, but also in all other actions involving the same question.'' (*Bingham* v. *Kearney*, 136 Cal. 177, [68 Pac. 597] ; *Southern Pac. Co.* v. *Edmunds*, 168 Cal. 418, [143 Pac. 597] ; *Curtis* v. *Upton*, 175 Cal. 331, [165 Pac. 935] ; *Koehler* v. *Holt Mfg. Co.*, 146 Cal. 337, [80 Pac. 73].) The last case cited is particularly in point on the issue here.

[3] Respondent calls attention to the fact that this appeal is brought under the alternative method, and that the appellant has failed to print in her brief or in a supplement thereto such portions of the record as she desired to call to the attention of the court. Such omission, under the amendment of 1919, [Stats. 1919, p. 261] to section 953c of the Code of Civil Procedure, does not permit of a dismissal of the appeal; and we find it preferable to examine the typewritten record rather than require a supplement to be prepared.

The judgment is affirmed.

Finlayson, P. J., and Thomas, J., concurred.