[Civ. No. 2438.   Third Appellate District.—May 4, 1922.]

MARYLAND CASUALTY COMPANY (a Corporation), Respondent, v. M. T. SHAFER et al., Defendants; GEORGE G. ANDERSON et al., Defendants and Appellants.

[1] PUBLIC WORK—RELIEF AGAINST SURETY—STATUTE OF LIMITATIONS —EFFECT OF ACTION BY SURETY.—Claims of materialmen employed upon public work are not barred by the six-month provision of the act of 1897 from relief against the surety on the bond by the failure to appear in an action, brought by the surety for the purpose of having all rights in the withheld fund adjudicated, within six months after the filing of their verified claims with the board of supervisors, where the action was commenced before the expiration of six months after such claims were filed and the complaint set forth the contract and the whole transaction upon which their claims depended.

APPEAL from a judgment of the Superior Court of Tulare County. T. N. Harvey, Judge. Reversed in part; affirmed in part.

The facts are stated in the opinion of the court.

Middlecoff, Scott & Ham, Farnsworth, McClure & Burke, Lewis H. Smith, W. N. Gilliam, J. A. Chase, Marley Fisher, Perry F. Backus, Russell & Heid, W. O. Tyler, Scarborough & Bowen, Blakeley Hughes and W. C. Hamilton for Appellants.

Bicksler, Smith & Parke and Franklin A. Plank for Respondent.

BURNETT, J.—This is a companion case to numbers 2439 and 2440 (*post*, pp. 580, 585 [208 Pac. 192, 194]), in which the opinions are filed herewith. The appellants herein are laborers and materialmen who claim under the bond executed by plaintiff for their benefit. The bond was given in accordance with the requirement of section 1 of said "act to secure the payment of the claims of materialmen, mechanics, or laborers, employed by contractors upon state, municipal or other public work," to which act ref-

erence is made in the other opinions. (Stats. 1897, p. 201.) The trial court found: "That there is due and unpaid from defendant, M. T. Shafer, to each of the following persons named in this paragraph, for and account of work and labor performed, rental of teams and equipment, supplies and materials furnished under and pursuant to the contract set forth in the complaint herein by and between the said M. T. Shafer and said county of Tulare, by each of the following persons together with interest, the following sums." Then follow the names with some typographical errors of all the appellants herein except Luis Clarin, H. E. French, Blakeley Hughes, Morris & Co., Nick Pazin, and Steve Pazin, together with the respective amounts due them.

However, the court further found: "That each and every of the following parties to this action who did not file a complaint, answer or cross-complaint praying judgment against said Maryland Casualty Company on said materialmen's bond within six months from the time he filed a verified statement with the board of supervisors is barred from any relief against said Maryland Casualty Company by the provisions of the statute of 1897 and amendments thereto, providing for the execution of said materialmen's bond." Then follow the names of all but four of appellants herein. Said finding was based upon said statute (Stats. 1915, p. 926) providing: "At any time within six months after the filing of such claim the person, company or corporation filing the same may commence an action against the surety or sureties on the bond, specified and required in section one thereof."

[1] We are entirely satisfied, though, that the trial court made a wrong application of said provision. Upon principle and authority we are convinced that the filing of the complaint by plaintiff suspended the operation of said statute of limitations. Said complaint was filed before the expiration of six months after the verified claims were filed with the board of supervisors, and it set forth the contract and the whole transaction upon which the claims of appellants depend; and their appearance in the action, in response to the invitation of respondent and the command of the court, for the very purpose of having their claims adjudicated, must be regarded as though made at the time

the complaint was filed. If the action were brought by the maker of a promissory note against the payee to determine its validity, it would hardly be questioned, we think, that the payee would be allowed to maintain the legal integrity of the note and to establish the obligation of the maker, although in the meantime the statutory period of limitations had expired. In this case, the whole issue as to the rights and obligations of the parties is tendered by the complaint, and any defense or counterclaim relating to the instrument which is brought in question is cognizable as of the time when the litigation is instituted.

A similar case to this is *McDougald* v. *Hulet,* 132 Cal. 154 [64 Pac. 278], wherein the action was brought by a surety, "who had signed a joint and several guaranty of rent payable under a lease, to have it decreed what amount was due and unpaid to the lessor, and that the other surety, and corporation of which he was president, were principal debtors, and that they be compelled to pay the unpaid rent and save plaintiff harmless therefrom," and it was held that "the lessor may set up in his answer, by way of counterclaim or cross-complaint, the contract of guaranty and the amount due thereunder, and seek judgment therefor against the plaintiff." It was further held therein that "the filing of the complaint suspended the statute of limitations as to the matters arising out of the transaction pleaded; and where such matter is set forth in the answer, counterclaim or cross-complaint, and arose upon contract and existed at the commencement of the action, the statute of limitations can not run thereupon after the commencement of the action."

In *Perkins* v. *West Coast Lumber Co.,* 120 Cal. 27 [52 Pac. 118], the action was by an attorney at law to recover against his client upon a special contract for services and it was held that a counterclaim for damages for bad advice given under the contract alleged and arising out of the transaction set forth in the complaint was not barred by the statute of limitations, "if not so barred at the commencement of the action, notwithstanding the lapse of the period fixed by the statute before the filing of the answer setting forth such counterclaim."

In 24 R. C. L. 837, the rule as to setoffs and counterclaims is stated as follows: "It is generally held that the

object of statutes of setoff was to prevent multiplicity of lawsuits, and not to interfere with or affect the operation of the statute of limitations, and that the statute of limitations applies as well to a demand attempted to be set off as to one upon which an action is brought. A claim which is barred by the statute is not therefore available as a setoff or counterclaim. If, however, a counterclaim or setoff is not barred at the commencement of the action in which it is pleaded it does not become so afterward, during the pendency of that action.''

It seems difficult to conceive of a situation wherein it would be more manifest than herein that the counterclaim or cross-complaint relates to and depends ''upon the contract or transaction upon which the action is brought,'' creating the condition for the application of sections 438 and 442 of the Code of Civil Procedure.

Indeed, it was not necessary for the prevailing appellants herein to file a counterclaim or cross-complaint. The facts upon which their claims are based are disclosed by the allegations of the complaint, and it is a fair inference from these allegations that said defendants were entitled to judgment against the plaintiff for the respective amounts. It is true that plaintiff alleged upon information and belief that said claims were invalid, but this should be disregarded as the mere opinion of the pleader, since no reason is assigned nor legal foundation disclosed for its support.

For confirmation of this view we may direct specific attention to its material allegations as they relate to the claim of these appellants. In paragraph 2 it appears that on February 9, 1918, the contract was executed for the construction of the highway, and the various provisions of said contract are set out, including the requirement that the contractor should furnish said bond for the payment of laborers and materialmen and that he should pay all such claims.

Paragraph 3 alleges that on February 15th, the contractor made a written application to plaintiff for a bond or undertaking in the sum of $32,853.10 to secure said payment, a copy of said application being exhibited in said paragraph.

In paragraph 4 it is alleged: ''This plaintiff, to secure the payment of work and labor performed, and material

used, in the construction of said division of said system of highways and roads as aforesaid, did, on or about the 28th day of February, 1918, make, execute and deliver to said county of Tulare its bond in the sum of $32,853.10, which said bond was duly acknowledged and was filed with said board of supervisors of said county of Tulare, as provided by law.''

In paragraph 5 this bond is set out in full and it appears unobjectionable in form.

In paragraph 10 we find this allegation: ''That labor, team hire, materials and supplies* furnished and used in and upon said division of said system of public roads and highways did on and after July 1, 1918, become and were due and payable, remained unpaid, and are now unpaid and payable,'' etc.

In paragraph 11 it appears that said contract was completed by Shafer and accepted by said county of Tulare as completed on January 28, 1919.

In paragraph 12 it is alleged that ''the time for filing verified claims as against said bond of this plaintiff expired on or about April 28, 1919.''

Paragraph 17 alleges: ''That the persons, partnerships and corporations hereinafter named, defendants herein, claim to have some right, title, interest or claim either as against the bond executed by plaintiff, as herein set forth, or as against said county of Tulare or the funds now due and payable under the terms of said contract of February 9, 1918, and have filed with the board of the county of Tulare a bill, or statement of account, or an order signed by M. T. Shafer directing said county of Tulare and said board of Supervisors to pay such alleged claim, or a certificate of said M. T. Shafer certifying that such alleged claim is due and payable on account of labor performed or material furnished in connection with said contract of February 9, 1918, or a notice to withhold payment of money (as provided by section 1184 of the Code of Civil Procedure of the state of California) or a statement of claim, acknowledged, verified or otherwise; that the names of said persons, partnerships or corporations so having filed bills, statements of accounts, orders,* certificates, withhold notices, or statements of claim as aforesaid, the nature of said

claims and the amounts claimed thereunder, are respectively as follows.''

In the list therein set out appear all of appellants except Blakeley Hughes. To recapitulate: The complaint alleges the execution of the contract between the county and Shafer for the construction of the highway; the execution of the bond by plaintiff for the benefit of the laborers and materialmen; the performance of labor and the furnishing of material by said appellants for which they have not been paid; the completion of the contract and its acceptance as completed by the county, and the filing of the verified claims of appellants with the board of supervisors. It is true that it is not specifically designated to which class of claimants appellants belong, but the uncertainty, if any, in that respect would be resolved against the pleader in view of the fact that it was a matter of record. There was an omission also to allege the date of the filing of the respective verified claims, but it is clearly implied that the filing was within the statutory period.

The complaint also specifically prayed ''that a full and final determination and adjudication be had in this action of any and all rights, claims and demands of each and all of the parties herein,'' etc., and for general relief.

It is apparent that if said appellants had begun the action against respondent on the bond they would have been required to allege only the same facts as appear in said complaint, although, as careful pleaders, they would have been more specific as to one or two of the incidents of the case.

Such being the situation, it seems plain that they cannot be barred from relief simply because their actual appearance in the case was delayed until said period of six months had expired, and they then filed what they called a cross-complaint containing no additional facts to those alleged in the original complaint, but simply making more definite the date when the verified claims were filed with the board of supervisors.

It appears, then, that the complaint would have justified a judgment in favor of all the appellants except Blakeley Hughes. The number is diminished, however, by the findings. It appears from the finding as to the filing of the claims that M. G. Dunlap filed his too late and R. Carmona

filed none at all.    The court also found specifically that there was nothing due to George Norwood, H. E. French, Lindsay Plumbing Co., W. S. Cairns, and Morris & Co. There seems to have been no specific finding as to the amount due Luis Clarin, Nick Pazin, and Steve Pazin, but there was really no issue as to the validity of their claims, respondent's only contention as to them being that they were barred by the statute of limitations.

We may add that it is not disputed that said bond is enforceable for the benefit of said laborers and materialmen and falls within the doctrine of *Callan* v. *Empire State Surety Co.,* 20 Cal. App. 483 [129 Pac. 978, 981]; *Fuller* v. *Alturas School Dist.,* 28 Cal. App. 609 [153 Pac. 743]; *French* v. *Farmer,* 178 Cal. 218 [172 Pac. 1102].

The judgment is reversed and the court below directed to render a judgment upon the findings against the Maryland Casualty Company for the respective amounts of their claims in favor of these defendants: George G. Anderson, Mike Antich, Luis Claudio, Luis Clarin, Nick Durki, E. Espino, Juan Garcia, T. Garcia, V. Hurtado, Mariano Lucas, Dan Aley, Jose Rodrigues, Jas. K. Johnston, A. J. Philips, Rufus Estes, L. G. Garnsey, Nick Pazin, Steve Pazin, and J. W. Stephens.

As to the other appellants the judgment is affirmed.

Finch, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 3, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 3, 1922.

All the Justices concurred, except Wilbur, J., who dissented, and Lawlor, J., and Lennon, J., who were absent.

Shurtleff, J., was also absent and Richards, J., *pro tem.,* was acting.