[L. A. No. 7117. In Bank.—August 18, 1922.]

HENRY F. WHITTIER, Respondent, v. MRS. W. E. VISSCHER et al., Appellants.

[1] JUDGMENTS—ACTION ON ASSIGNED NOTE—REASSIGNMENT PENDING TRIAL—PLEA TO ISSUE OF FRAUD.—In an action to recover on an assigned promissory note which was reassigned to the assignor pending trial and the assignor substituted as party plaintiff therein such substituted party had the right to plead in bar to the defense of fraud in the procurement of the note, the judgment in another action in which he was a proper and necessary party and in which the same issue of fraud had been tried and determined adversely to the defendants, although such judgment could not have been pleaded as an estoppel to a retrial of such issue as against the original plaintiff for the reason that she was not a party to the earlier action.

[2] COUNTERCLAIM — STOCKHOLDER'S LIABILITY — CORPORATION NOTE.—A stockholder's liability on a promissory note of the corporation is one arising on contract and may be pleaded by way of counterclaim.

[3] ID.—STATUTE OF LIMITATIONS—COUNTERCLAIM.—A counterclaim which is not barred at the commencement of the action in which it is pleaded does not become so barred afterward during the pendency of the action, and in pleading the statute of limitations to a counterclaim it must be shown that the bar of the statute had matured when the original action was commenced, and it is not sufficient to aver a bar when the counterclaim was filed.

[4] ID.—JOINT AND SEVERAL LIABILITY—CLAIM OF ONE DEFENDANT—COUNTERCLAIM.—In an action on a joint and several liability of the makers of a promissory note, a valid claim of either defendant against the plaintiff may be interposed by way of counterclaim.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Reversed.

The facts are stated in the opinion of the court.

C. E. McDowell and Frederick Gros for Appellants.

Bicksler, Smith & Parke and Arthur G. Baker for Respondent.

4. Availability as offset or counterclaim of claim in favor of one alone of several defendants, note, 10 A. L. R. 1252.

SLOANE, J.—This action was originally begun by one Eva B. Clark, as plaintiff, to recover on a promissory note. The note, conceded to be non-negotiable, was for the sum of $4,750, and was executed by appellants and defendants Mrs. W. E. Visscher and Hugo Kraght Visscher to defendant Mrs. E. M. Dixon.

Before suit was instituted the note had been indorsed by the payee, Mrs. Dixon, to Henry F. Whittier, the present plaintiff and respondent, and by him indorsed without recourse to the original plaintiff, Eva B. Clark, who thereafter brought this action to recover from the Visschers, the makers of the note, and from Mrs. Dixon, the first indorser. Mrs. Dixon having failed to appear and answer, her default was regularly entered.

The Visschers answered and by way of defense set up fraud, misrepresentation and failure of consideration in the procurement of the note sued on. The undisputed facts show that the note was given as part of the consideration for 924 shares of the capital stock of a corporation existing under the name of Brinks Express Company. The defendant Mrs. E. M. Dixon owned 921 of the 924 shares, and the remaining 3 belonged to other directors of the corporation. The total corporate stock consisted of 1392 shares.

The corporation was at the time indebted to defendant Mrs. W. E. Visscher in the sum of $5,000, evidenced by a promissory note for that amount executed by the corporation, upon which note the respondent Whittier was liable as an indorser. The entire consideration for the 924 shares of stock received by the Visschers was the note sued on and the release of respondent Whittier from liability as indorser on the $5,000 note of the corporation.

The liability upon the $5,000 note itself does not seem to have been released as to the corporation or any of its stockholders other than the respondent.

The fraud alleged in the transaction need not be set out in detail. It is sufficient to say that it consisted of alleged representations by the owners of the stock with regard to the value, character and extent of the business of the corporation, which, if shown to be false and fraudulent, and if available to the appellant defendants under their answer, would constitute a sufficient defense to recovery in this action.

The appellant defendants also set up by supplemental answer as a cross-demand their claim against Mrs. E. M. Dixon, the original payee of the note in suit, for her stockholder's liability on the indebtedness of the corporation evidenced by the $5,000 note held by Mrs. Visscher.

These defenses were denied and excluded from the evidence by the trial court, and the judgment appealed from, for the full amount of the note sued on, was given for the respondent, who, pending the trial, had procured a reassignment of the note to himself, and was substituted as plaintiff in place of his former assignee, Eva B. Clark, the original plaintiff.

It is upon the rulings of the trial court defeating the special defense and the counterclaim of appellants that the controversy arises on this appeal.

The respondent plaintiff interposed as a plea in bar to the defense of fraud in procurement of the note a judgment in another action in which the same issue of fraud had been tried and determined adversely to the same averments contained in their answer in this action.

It was stipulated between the parties on the trial that the plaintiffs in the former action were the same persons as the defendants prosecuting this appeal, and that the defendants in the former action were the respondent Whittier and the defendant Mrs. E. M. Dixon in this case. The cause of action was for rescission of the contract under which the corporate stock was obtained, and to cancel the note in suit, and re-establish the liability of the respondent as indorser of the corporation note. The allegations of fraud, misrepresentation and failure of consideration were identical with the averments of the answer before us. Judgment was for the defendants, negativing the allegations of fraud and upholding the validity of the note. On appeal the judgment was affirmed by the district court of appeal, and a rehearing in this court was denied. (*Visscher* v. *Dixon,* 46 Cal. App. 210 [188 Pac. 1029].)

[1] It is the contention of appellants, however, that the bar of the judgment is defeated by reason of the fact which is disclosed by the record here, that the action in which the judgment was obtained was begun some ten days after the note sought to be avoided had been assigned to Eva B.

Clark, and Eva B. Clark was never made a party to the action.

The court at no time acquired jurisdiction of the real party in interest in the note and was clearly without power to give a judgment which would affect the status of the note owned by a stranger to the record who took the assignment before the commencement of the suit.

Had Eva B. Clark remained the plaintiff in the present suit and the owner of the note, this earlier judgment could not be pleaded as an estoppel to a retrial of the issue of fraud as against her.

Does the fact that respondent Whittier took a reassignment of the note and was substituted as plaintiff in this case pending trial give any greater vitality to the earlier judgment than it would have had for or against his assignor?

Assuming that this might not be the case if the only interest of the respondent in the former action had been in connection with the ownership of the note, it must be borne in mind that such action involved the rescission of the entire contract for the purchase and sale of the corporation stock, for which the note was only part of the consideration. The release of respondent from his liability as indorser of the $5,000 note of the corporation held by Mrs. Visscher was also one of the considerations for the shares of stock, and the action for rescission had for one of its purposes the restoration of respondent's liability as such indorser. He was, therefore, a proper and necessary party to the action for rescission for that reason, quite independently of any interest in the note sought to be canceled, and the judgment was conclusive as to this defense of fraud upon respondent's liability as indorser of the corporation note.

Conceding, then, that respondent could not be brought into privity with the former judgment by a reassignment from Eva B. Clark, who was not a party to the first suit, we are of the opinion that when his right to enforce payment on the reassigned note was questioned on the ground of this alleged fraud in its procurement, he could plead a former adjudication of that issue by virtue of his own relation to the suit in which the adjudication was made. The relief sought against respondent to re-establish his liability

as indorser of the corporation note depended upon precisely the same state of facts as to the alleged fraud as would the cancellation of the note, the fraud in the transfer of the stock, which transfer was the consideration for both the note in suit and the release of respondent's liability on the other note. "A former judgment between the same parties is conclusive not only as to the subject matter in controversy in the action upon which it is based, but also in other actions involving the same question." (*Bingham* v. *Kearney,* 136 Cal. 177 [68 Pac. 597]; *Southern Pac. Co.* v. *Edmunds,* 168 Cal. 418 [143 Pac. 597]; *Curtis* v. *Upton,* 175 Cal. 331 [165 Pac. 935]; *Kochler* v. *Holt Manfg. Co.,* 146 Cal. 337 [80 Pac. 73]; *Kinderman* v. *Shipley,* 47 Cal. App. 270 [190 Pac. 472].)

It follows, then, that the operation of the judgment pleaded in bar in favor of respondent does not rise upon any privity in such action dependent upon the reassignment of the note. While such assignment may not invest respondent with any right to plead the former adjudication which Eva B. Clark, his assignor, did not possess, it did not deprive him of the right to rely upon his own privity with the judgment pleaded.

We do not think there was any abuse of discretion in the permission of the court for a substitution of respondent as plaintiff in this action upon his becoming owner of the note in suit. When the substitution was made there was some suggestion in the discussion between court and counsel to the effect that the change in parties plaintiff would not affect appellants' defenses, but this conversation seems to have been on the theory that respondent had no privity in the litigation pleaded other than through ownership of the assigned note.

We will consider next the cross-complaint set up in appellants' supplemental answer. As already pointed out, when appellants became the owners of the 924 shares of the stock of the corporation there was no release or extinguishment of the liability of the corporation or of its prior stockholders on the indebtedness evidenced by the corporate note for $5,000 already held by Mrs. Visscher. We do not think that there is any merit in the contention of the respondent that the transactions under which the Visschers purchased this stock in any way affected liability under the $5,000 note, other than as to respondent's liability as an indorser.

Mrs. Visscher, then, at the time of the commencement of this suit to recover against her and Hugo K. Visscher, had a valid cause of action against Mrs. Dixon, the original payee of this non-negotiable note sued on, for her stockholder's liability on the corporation note upon which a separate judgment might have been obtained by her.

[2] Respondent further objects, however, that a stockholder's liability, which, as in this case, does not arise out of the transaction sued upon, is not a proper matter of cross-complaint or counterclaim; that it is not a cause of action "arising on contract" as specified in subdivision 2 of section 438 of the Code of Civil Procedure, but is purely a liability imposed by statute.

While it is true that it is the authority of the statute which creates the general liability of the stockholder on the corporation indebtedness, in a case like this, it is the contract of the corporation which creates the indebtedness. In assuming the status of a stockholder each owner of shares of stock in effect empowers the corporation by its act to bind him by its obligations. It is a separate independent liability, but it is created by and arises on the contract. There is nothing that we can discover in the creation of the stockholder's liability or in its enforcement, where it arises on a contract of the corporation, to differentiate it from a direct contract by the individual so far as concerns the remedy of the parties.

The following decisions in situations analogous to that presented here have held the stockholder's liability to be contractual in its nature: *Dennis* v. *Superior Court*, 91 Cal. 548 [27 Pac. 1030]; *Kennedy* v. *California Sav. Bank*, 97 Cal. 93 [33 Am. St. Rep. 163, 31 Pac. 846]; *Royal Trust Co.* v. *MacBean*, 168 Cal. 642 [144 Pac. 139]; *Lininger* v. *Botsford*, 32 Cal. App. 386 [163 Pac. 63]; *Miller & Lux* v. *Katz*, 10 Cal. App. 576 [102 Pac. 946]; *Platt* v. *Wilmot*, 193 U. S. 603 [48 L. Ed. 809, 24 Sup. Ct. Rep. 542, see, also, Rose's U. S. Notes]; *Bank* v. *Farnum*, 176 U. S. 640 [44 L. Ed. 619, 20 Sup. Ct. Rep. 506]; *Whitman* v. *Oxford*, 176 U. S. 559 [44 L. Ed. 587, 20 Sup. Ct. Rep. 477.]

We are therefore of the opinion that such an existing liability of a plaintiff to the defendant may be pleaded by way of counterclaim.

[3] It is next contended that the claim in this case is barred by the statute of limitations. It is conceded that it was not so barred when the original action was begun, and the authorities in this state seem to be agreed that if the right of action relied on was alive at the commencement of the suit the statute does not run against it, when, as in this case, the full statutory period has expired thereafter during the pendency of the action and before the claim is pleaded as a cross-complaint. (*Lyon* v. *Petty,* 65 Cal. 322 [4 Pac. 103]; *Perkins* v. *West Coast Lumber Co.,* 120 Cal. 27 [52 Pac. 118]; *McDougald* v. *Hulet,* 132 Cal. 154 [64 Pac. 278]; *Bliss* v. *Sneath,* 103 Cal. 43 [36 Pac. 1029], 119 Cal. 526 [51 Pac. 848]; *Maryland Casualty Co.* v. *Shafer et al.* 57 Cal. App. 573, [208 Pac. 197].) The same rule is stated in 24 R. C. L., section 43, as declarative of the common law, as follows:

"If, however, a counterclaim or setoff is not barred at the commencement of the action in which it is pleaded, it does not become so barred afterward during the pendency of that action, and in pleading the statute of limitations to a counterclaim it must be shown that the bar of the statute had matured when the original action was commenced, and it is not sufficient to aver a bar when the counterclaim was filed."

Respondents' remaining objection to this cross-complaint, that it cannot be maintained in this action because it only runs as a setoff in favor of one of the defendants is not tenable.

[4] This is an action on a joint and several liability of the makers of a promissory note. Payment by either would extinguish the right of action of the plaintiff against both. It naturally follows that the setoff of a valid claim of either may be interposed with the same result. (*Miller* v. *Murphy,* 186 Cal. 344 [199 Pac. 525]; *Austin* v. *Feland,* 8 Mo. 309; *Ruby* v. *Baker,* 106 Kan. 859 [10 A. L. R. 1247, 190 Pac. 6].)

By reason of error in the exclusion of evidence of appellants' counterclaim the judgment is reversed.

Lennon, J., Myers, J., *pro tem.,* Waste, J., Shaw, C. J., and Richards, J., *pro tem.,* concurred.