[Civ. No. 2572. Fourth Dist. Feb. 5, 1942.]

D. H. GRAHAM, Plaintiff, v. CALIFORNIA DRILLING EXPLORATION COMPANY (a Corporation) et al., Defendants; SIEMON BROTHERS AND ASSOCIATES (a Limited Partnership) et al., Appellants; FRANK VESSELS, Respondent.

Alfred Siemon and Bennett Siemon for Appellants.

D. A. Boone and James T. Satchell for Respondent.

SCHOTTKY, J. pro tem.—This is an appeal by certain defendants from a judgment in favor of defendant Vessels establishing and foreclosing a mechanic's lien against the appealing defendants. There is another judgment disposing of the claims of other parties from which no appeal has been taken.

Plaintiff Graham commenced an action to foreclose a materialman's lien for materials furnished to defendant California Drilling Exploration Company in drilling an oil well, said defendant being the drilling contractor. Defendants and appellants Krebs were the fee owners of the land and defendants and appellants Siemon Brothers and Associates, a limited partnership, were lessees under an oil and gas lease from defendants Krebs. Defendant and respondent Vessels filed an answer which contained ''a second and separate affirmative defense'' which alleged, among other things, that defendant California Drilling Exploration Company entered into an agreement with defendant Big Boy Drilling Company under which defendant Big Boy Drilling Company agreed to furnish labor and materials to drill the well and that defendant and respondent Vessels furnished labor and materials for that purpose. The prayer of said respondent's answer sought personal judgment against defendant Big Boy Drilling Company and the foreclosure of the mechanic's lien filed by respondent. Defendant Oil Well & Supply Company, sued as a party having an interest, answered and set up a claim to a part of the production. Defendant Big Boy Drilling Company, sued as a party having an interest, defaulted to plaintiff's complaint. The claim of plaintiff Graham was satisfied during the pendency of the action and thereafter he took no part in the litigation. Defendant California Drilling and Exploration Company, the drilling contractor, filed an answer contesting plaintiff's claim but did not appear at the trial or take any part in the case after the filing of its answer. Defendants and appellants Krebs, the fee owners, and defendants and appellants Siemon Brothers and Associates separately answered plaintiff's complaint and also contested the claim of defendant and respondent Vessels for a lien.

When the case came on for trial on April 12, 1939, there were no appearances except for plaintiff, for appellants, and for respondent. At that time respondent asked to have the affirmative defense set forth in his answer considered as a cross-complaint, and asked to be given time to serve the defendants, no service of said answer or affirmative defense having been made upon any party except plaintiff. Counsel for plaintiff and for appellants objected but their objections were overruled by the court and the court permitted defendant and respondent Vessels to serve his answer on counsel for

appellants as a cross-complaint and required the parties to proceed to trial. The court heard plaintiff's case and then recessed the trial from April 12 to May 12, 1939, to allow appellants time in which to answer said affirmative defense or cross-complaint. Appellants thereafter filed answers which they designated as "Answer to Cross Complaint" denying the material allegation of respondent's answer and further set up the defense that the claim of respondent was barred by the provisions of section 1190 of the Code of Civil Procedure in that no action for the foreclosure of the lien was commenced within ninety days after the filing thereof. On May 12, 1939, the trial was resumed and completed and the case submitted. Before the court decided the case plaintiff filed a stipulation consenting that judgment might be given in favor of appellants on the demand of plaintiff, and thereafter the court filed its decision in favor of defendant and respondent Vessels and the judgment and decree of foreclosure appealed from was entered.

Appellants prosecute this appeal upon several grounds but the principal ground upon which the appellants rely for a reversal of the judgment is that the mechanic's lien of respondent was extinguished by the failure of the respondent to commence proceedings to enforce it within ninety days after the lien was filed. We will discuss this contention of appellants first because if appellants' position is sustained upon this point the judgment must necessarily be reversed and a discussion of the other points raised will be unnecessary.

Section 1190 of the Code of Civil Procedure, so far as applicable here, provides as follows: "No lien provided for in this chapter binds any property for a longer period than ninety days after the same has been filed, unless proceedings be commenced in a proper court to enforce the same."

The record in this case shows that respondent's claim of lien was filed and recorded on December 20, 1937. Plaintiff's complaint was filed on February 14, 1938, and the answer of respondent which contains the "separate affirmative defense" asking for the foreclosure of respondent's lien, and which the trial court permitted to stand as a cross-complaint, was filed on April 20, 1938, but was not served on any party other than plaintiff until the trial commenced on April 12, 1939.

. Appellants contend that, taking the view most favorable

to respondent, respondent's proceeding to enforce his lien was not commenced until April 20, 1938, the date upon which his answer was filed and that the ninety-day period after the filing of respondent's lien expired on March 20, 1938.

Respondent, in answer to this contention of appellants, asserts that the date of the filing of plaintiff's complaint operated "to suspend the statute of limitations as to any cause, demand or counterclaim which existed in favor of a defendant at the time of such commencement" and that inasmuch as the same property is involved in respondent's answer or cross-complaint as was involved in plaintiff's original complaint the respondent was entitled to have the provision of section 1190, hereinbefore quoted, suspended.

In the case of *Whittier* v. *Visscher,* 189 Cal. 450 [209 Pac. 23], our Supreme Court said, at page 456:

"It is next contended that the claim in this case is barred by the statute of limitations. It is conceded that it was not so barred when the original action was begun, and the authorities in this state seem to be agreed that if the right of action relied on was alive at the commencement of the suit the statute does not run against it, when, as in this case, the full statutory period has expired thereafter during the pendency of the action and before the claim is pleaded as a cross-complaint. (*Lyon* v. *Petty,* 65 Cal. 322 [4 Pac. 103]; *Perkins* v. *West Coast Lumber Co.,* 120 Cal. 27 [52 Pac. 118]; *McDougald* v. *Hulet,* 132 Cal. 154 [64 Pac. 278]; *Bliss* v. *Sneath,* 103 Cal. 43 [36 Pac. 1029]; 119 Cal. 526 [51 Pac. 848]; *Maryland Casualty Co.* v. *Shafer et al.,* 57 Cal. App. 573 [208 Pac. 197].) The same rule is stated in 24 R. C. L., section 43, as declarative of the common law, as follows:

" 'If, however, a counterclaim or setoff is not barred at the commencement of the action in which it is pleaded, it does not become so barred afterward during the pendency of that action, and in pleading the statute of limitations to a counterclaim it must be shown that the bar of the statute had matured when the original action was commenced, and it is not sufficient to aver a bar when the counterclaim was filed.' "

It is to be noted that the case just cited was an action by plaintiff upon a promissory note of a corporation and that the setoff or counterclaim sought to be established by defendants was a cross-demand against plaintiff's assignor, the original payee of the note in suit, for her stockholder's liability on the note sued upon.

In the case at bar, plaintiff Graham commenced an action against defendants to foreclose a mechanic's lien for certain materials and equipment furnished to defendants other than respondent, and respondent was joined as a person claiming some interest in the premises or improvement. In setting forth his claim of lien in his answer and seeking the foreclosure thereof respondent was not asserting any counterclaim or setoff or cause of action against plaintiff, but was seeking to enforce a lien as against his codefendants, against whom the original action had been commenced by plaintiff.

Section 1195 of the Code of Civil Procedure provides that two mechanic's liens against the same property can be consolidated and tried in one action but this does not mean that the foreclosure of each lien does not involve a separate cause of action, complete and independent in itself, to which cause of action any defenses which existed at the time it was filed may be set up. The mere fact that the law permits different liens to be established and enforced in the same action does not change the various causes of action from the nature of independent actions, and there is nothing in any of the decisions cited by respondent which holds to the contrary. Each cause of action for the foreclosure of a mechanic's lien, whether set forth in a complaint, cross-complaint or complaint in intervention, must stand upon its own allegations and must be considered as having been commenced on the date it was filed. In *Tubbs* v. *Delillo,* 19 Cal. App. 612 [127 Pac. 514], the court said:

"But, as stated in the Mars case, the position of the intervenors is the same as though they had brought a new action, and the ·situation must be viewed in the light of the facts existing at the time the complaint in intervention was filed.

". . . a complaint in intervention sets up a new cause of action, and admittedly also in favor of a third party, and the doctrine of relation does not apply. To determine, therefore, whether the action has been brought prematurely, or whether the statute of limitations has run against it, we must look to the date of the filing of the complaint in intervention and not of the filing of the original complaint.''

In *Sanford* v. *Bergin,* 156 Cal. 43 [103 Pac. 333], the action was for partition. A defendant, by answer, set up a mortgage and asked to have it declared a lien. The question arose as to whether the debt was barred and the Supreme Court, on appeal, said:

"The action was begun on April 30, 1898. The answer of Jones, in which, for the first time, the mortgage claim was asserted, was filed on April 20, 1903. The filing of this answer must be deemed to be equivalent to an action of foreclosure, and the question of the bar of the statute of limitations or of laches must be decided upon the theory that the action was begun upon the date last mentioned."

In *California Savings Bank* v. *Parrish,* 116 Cal. 254 [48 Pac. 73], it is said, at page 259:

"Here it appears that the time within which, under the provisions of the code, an action could have been brought upon the principal obligation had expired before the cross-complaint was filed. The lien was, therefore, extinguished, and the demurrer should have been sustained."

In *Rowley* v. *Davis,* 34 Cal. App. 184 [167 Pac. 162], the court said, at page 188:

"But the cross-complaint of the defendant Davis was not filed until after plaintiff Rowley had acquired the title of the defendant and cross-defendant Alice Huse. By filing that cross-complaint the cross-complainant tendered new issues whereby he set up a cause of action which relates to the date of filing the cross-complaint. This he had the right to do. (*Johnson* v. *Taylor,* 150 Cal. 201, 208 [88 Pac. 903, 119 Am. St. Rep. 181, 10 L. R. A. (N. S.) 818].)"

From the foregoing authorities we think it is clear that respondent's action to establish and enforce his mechanic's lien against his codefendants, appellants herein, must be considered as having been commenced on April 20, 1938, and the date on which his answer or cross-complaint was filed, and, in view of the fact that that date was more than ninety days after the recording of his claim of lien, is barred by section 1190 of the Code of Civil Procedure. It follows, therefore, that the court below erred in decreeing the foreclosure of respondent's mechanic's lien.

Numerous other points are raised by appellants, some of which have substantial merit but, in view of the fact that we have already determined that the judgment must be reversed, it is unnecessary to discuss them.

The judgment appealed from is reversed.

Barnard, P. J., and Marks, J., concurred.